THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID T. TRACHER, Respondent, against WALTER B. MARTIN, as Warden of Attica State Prison, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order so far as appealed from reversed on the law, without costs of this appeal to either party, and relator remanded to the custody of the Warden of Attica State Prison, Attica, New York. Memorandum: The relator was indicted for the crime of burglary, third degree, and for no other indictable offense. On October 14, 1936, he pleaded guilty to the crime of grand larceny, second degree, and received a sentence of five to ten years as a second offender. From the judgment of conviction no appeal was taken by the relator. On September 17, 1943, the relator petitioned the County Court of Wyoming County, New York, for a writ of habeas corpus. In his petition for the writ he alleged, in part, " that the court was without jurisdiction to accept a plea of guilty to the crime of Grand Larceny, or to pronounce the judgment in question. * * * Therefore as petitioner was not indicted for the crime of Grand Larceny, under which he is now imprisoned and deprived of his liberty, this sentence is illegal and void." On September 17, 1943, the learned County Judge of Wyoming County granted the prayer of the petition and issued a writ of habeas corpus directed to the Warden of Attica State Prison to produce the body of the relator before him on September 27, 1943, together with the cause and time of his imprisonment and detention. As directed by the writ, the Warden produced the relator and made return to the writ showing: " THIRD: That the said prisoner is now being held by me by virtue of the final judgment of a court of competent criminal jurisdiction, and said judgment and sentence are still in full force and effect and the sentence of said relator has not expired and pursuant to the command of said writ I have here before you the body of the said David T. Tracher." A copy of the judgment and of the commitment was attached to and made a part of the return. The matter was duly heard. The learned court held that the sentence imposed on the relator was invalid. Upon the decision the following order was entered on October 9, 1943: " ORDERED that the said writ of *habeas corpus* be, and the same hereby is, dismissed, and that the relator be, and he hereby is, remanded to the custody of the Sheriff of the County of Erie at Attica State Prison, to be held under the aforementioned indictment for burglary in the third degree, subject to the relator's right to bail." From that order, the People of the State of New York and the Warden of Attica State Prison have appealed to this court. Counsel for the relator has asked for affirmance of the order on two grounds, namely, that the so-called indictment was not sufficient to confer jurisdiction on the sentencing court on the charge of grand larceny, second degree, and that the relator was deprived of his constitutional

rights under the due process clause of the Federal Constitution. We think we are precluded from considering these questions by the decision of our Court of Appeals in *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361) which held, in substance, that the validity of the judgment of conviction, under the circumstances, could not be challenged by habeas corpus. Upon the authority of that case, the facts there and here being similar, the order so far as appealed from must be reversed and the relator remanded to the custody of the Warden of Attica State Prison, Attica, New York. All concur. (The portion of the order appealed from remands relator to the custody of the Sheriff of Erie County, to be held under the indictment for burglary, third degree.) Present — Cunningham, P. J., Dowling, Harris, McCurn and Larkin, JJ.