1943, the relator challenged the legality of his Erie County conviction in a habeas corpus proceeding. The learned court held that the Erie County conviction was invalid and on January 8, 1944, entered an order dismissing the writ but remanding the relator to the custody of the Sheriff of Chautauqua County for further proceedings upon his plea of guilty to the crime of robbery, second degree. From that order the People of the State of New York and the Warden of Attica State Prison have appealed to this court. Counsel for the relator asks affirmance on the grounds as urged and stated in *People ex rel. Tracher* v. *Martin* (*ante*, p. 955, decided herewith). The order, so far as appealed from, must be reversed and the relator remanded to the custody of the Warden of Attica State Prison for the reasons stated in our memorandum in the *Tracher* case (*supra*). All concur. (The portion of the order appealed from remands relator to the custody of the Sheriff of Chautauqua County for further proceedings upon his plea of guilty to the crime of robbery, second degree.) Present — Cunningham, P. J., Dowling, Harris, McCurn and Larkin, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MYRON GILLESPIE, Respondent, against WALTER B. MARTIN, as Warden of Attica State Prison, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order so far as appealed from reversed on the law, without costs of this appeal to either party, and relator remanded to the custody of the Warden of Attica State Prison, Attica, New York. Memorandum: On March 20, 1939, the relator was indicted in Ulster County. The indictment contained two counts. The first count charged the relator with burglary in the third degree in breaking into and entering the building of one Tice with intent to commit therein the crime of larceny. The second count charged the relator with the crime of unlawfully entering the same building on the same occasion with intent to commit therein malicious mischief and larceny. The indictment charged the defendant with the commission of no other indictable offense. The defendant pleaded guilty to the crime of grand larceny, second degree, and received a sentence of five to ten years in Dannemora State Prison as a second offender. In May, 1944, in Wyoming County Court, the relator challenged the legality of his conviction in a habeas corpus proceeding. The learned court held that his conviction was invalid and, on July 3, 1944, entered an order dismissing the writ but remanded the prisoner to the custody of the Sheriff of Ulster County to await prosecution on the above mentioned indictment. From that order the People of the State of New York and the Warden of Attica State Prison have appealed to this court. Counsel for the relator asks affirmance on the grounds as stated and urged in *People ex rel. Tracher* v. *Martin* (*ante*, p. 955, decided herewith). The order, so far as appealed from, must be reversed for the reasons stated in our memorandum in the *Tracher* case (*supra*). All concur. (The portion of the order appealed from remands relator to the custody of the Sheriff of Ulster County, to be held under the indictment for burglary, third degree, and unlawful entry.) Present — Cunningham, P. J., Dowling, Harris, McCurn and Larkin, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD ROBINSON, Respondent; against WALTER B. MARTIN, as Warden of Attica State Prison, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order so far as appealed from reversed on the law, without costs of this appeal to either party, and relator remanded to the custody of the Warden of Attica State Prison, Attica, New York. Memorandum: The relator was indicted in Erie County, New York, on February 15, 1937, for the crime of criminally receiving stolen property, knowing the same to have been stolen or appropriated wrongfully in such