THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MYRON GILLESPIE, Defendant.

County Court, Ulster County, May 19, 1945.

*William A. Kaercher* for defendant.

*N. Le Van Haver, District Attorney (Frederick H. Stang* of counsel), for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Herman N. Harcourt* of counsel), *amicus curiæ.*

CASHIN, J. This is an application to open the judgment of conviction heretofore entered in the instant case and allow the defendant to withdraw his plea of guilty to the indictment herein and to enter a plea of not guilty to the indictment.

On March 20, 1939, the Grand Jury of the County of Ulster returned an indictment against the defendant containing two counts. The first count charged the crime of burglary in the third degree and the second count, the crime of unlawful entry. On that day the defendant entered a plea of not guilty.

On April 3, 1939, the defendant, in the County Court of Ulster County, withdrew his former plea of not guilty and entered a plea of guilty to the crime of grand larceny in the second degree. The court thereupon rendered a judgment of conviction sentencing the defendant to imprisonment in Clinton Prison for an indeterminate term, the minimum of which was five years and the maximum of which was ten years. The defendant was not represented by counsel but was fully advised of his rights. Pursuant to the judgment of conviction, defendant was taken to State prison.

Thereafter and on or about May 5, 1944, a writ of habeas corpus was issued pursuant to the direction of Honorable Barber B. Conable, County Judge of Wyoming County. The defendant Gillespie claimed that the plea of guilty and judgment of conviction was void since he pleaded guilty to a crime for which he was not indicted, this in violation of his constitutional rights and, in particular, section 6 of article I of the New York State Constitution.

On June 23, 1944, the Honorable Barber B. Conable, County Judge of Wyoming County, rendered a decision in which he held that the plea of the defendant and the sentence thereunder were nullities, and on the same day an order was signed and entered to this effect and the defendant Gillespie was remanded to the custody of the Sheriff of the County of Ulster to be held under the indictment heretofore referred to. The basis for the determination of the court at that time was the case of *People ex rel. Wachowicz* v. *Martin* (267 App. Div. 803) which was the controlling law at that time.

Thereafter and on July 17, 1944, the defendant was delivered to the custody of the Sheriff of Ulster County.

On July 19, 1944, the Court of Appeals decided the case of *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361). This case reversed *People ex rel. Wachowicz* v. *Martin* (267 App. Div. 803, *supra*).

An appeal was taken by the State in the *Gillespie* case from the order of Judge Conable dated June 23, 1944, or so much thereof as remanded the relator to the custody of the Sheriff of Ulster County to be held by him under the indictment in the instant case. The Appellate Division of the Fourth Department, in an opinion handed down November 22, 1944 (268 App. Div. 957), reversed the order of Judge Conable of June 23, 1944, and, upon that decision, an order was duly signed and entered remanding the defendant herein to the custody of the Warden of Attica Prison, where he now is. This ruling was because of the holding of the Court of Appeals in the *Wachowicz* case (*supra*).

On October 24, 1944, while the defendant was in the custody of the Sheriff of Ulster County, an order to show cause why the judgment of conviction entered herein should not be opened and the defendant have leave to withdraw his plea of guilty was signed by me returnable November 1, 1944. The basis of the petition upon which the order to show cause was granted was as follows: " Deponent contends that the acceptance of a plea of guilty to a felony, other than that stated in the said indict-

ment, is illegal and a violation of Section 6 of Article I of the Constitution of the State of New York."

In the case of *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361, 366, *supra*) the court said: " * * * but the judgment entered upon an erroneous determination of a question of law by a court of competent jurisdiction is not a nullity * * *." Again, in the same opinion, the court said (pp. 366–367): " In the case last cited, we have said that: ' An appeal to a higher court is ordinarily the appropriate corrective process for error at the trial ' (p. 140). No sufficient ground has been shown why an exceptional corrective process is required here. The relator was properly held to answer for the crime charged in the indictment. He sought and obtained the benefit that might accrue to him from a finding of guilt of a crime connected with the same transaction, though not necessarily included in the crime charged in the indictment. The court had jurisdiction to determine whether in those particular circumstances it was authorized to render a judgment which it was certainly competent to render in some circumstances. Its judgment was not a nullity and the defendant who asked the court to render an erroneous judgment in a pending judicial proceeding may not thereafter, when it suits his convenience, challenge the judgment by habeas corpus."

Therefore, the defendant in the instant case is confined under a judgment which is not a nullity.

The court has power to entertain the instant motion. " It would be an extraordinary reversal of all precedent to deny to a competent tribunal power over its own judgments in either civil or criminal cases." (See *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19, 25.)

" It is hardly open to question that in accordance with the principles formulated in the opinion in *Matter of Lyons* v. *Goldstein* (*supra*), and authoritatively established by the decision in that case, a motion by the relator in the Court of General Sessions to vacate the judgment of conviction of that court would be an appropriate proceeding in which remedy for the alleged wrong could be obtained upon proof of the truth of the allegations of the petition." (See *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131, 136.)

Again in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19, 26, *supra*) the court says: " No statute has been called to our attention, nor have we been able to find any, where a competent court has been denied jurisdiction to reopen its judgment where the same was based upon trickery, deceit, coercion or fraud and misrepre-

sentation in the procurement of the plea upon which the judgment was based. The District Attorney in his brief, in support of the jurisdiction of the Court of General Sessions, has a comprehensive digest and discussion of decisions in other states having penal and criminal procedure statutes similar to our own. We need not pause to review them here. It is sufficient to say that the overwhelming weight of authority upholds his contention that inherent jurisdiction exists in the court to entertain an application such as the intervener here seeks to present.''

The Court of Appeals, in the case of *People ex rel. Wachowicz v. Martin (supra)*, has held that the judgment of conviction entered in a case similar to the instant one is not a nullity. The Appellate Division of the Fourth Department, in the case of *People ex rel. Gillespie* (the instant defendant) v. *Martin* (268 App. Div. 957, *supra*), decided on November 22, 1944, that the judgment in the instant case was not a nullity, citing *People ex rel. Tracher* v. *Martin* (268 App. Div. 955) as its authority, which in turn cites as its authority *People ex rel. Wachowicz* v. *Martin (supra)*. Therefore the defendant is confined under a valid judgment entered upon a voluntary plea of guilty by him. There is no showing in the moving papers that this plea was procured by trickery, deceit, coercion, or fraud and misrepresentation.

This motion is addressed to the sound discretion of the court. (See *People* v. *Bartindale*, 259 App. Div. 841, affd. 284 N. Y. 681. See, also, *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 27, *supra*.)

No substantial right of the defendant has been impaired by the procedure which was adopted. In fact, the punishment provided under the larceny statute, to which the defendant pleaded guilty, is less than that under the burglary statute under which he was indicted. In addition, the lapse of five years in time might make it impossible for the People to prosecute the defendant at this time.

In view of the above, this motion is denied. Submit order.