STATE of Iowa, Appellee,

v.

Donald F. WILLIS, Appellant.

No. 58936.

Supreme Court of Iowa.

Feb. 16, 1977.

where the prosecuting witness, one Darrell Gamble, was attending a party. Several of the celebrants at the party asked defendant to ride somewhere else as he was frightening some horses. Defendant left but returned some time later in his 1964 Malibu automobile which he brought to a screeching halt just past the apartment house. One of the attendants at the party referred to above asked him to slow down, to which defendant responded with an obscenity. Defendant then backed up his car and Todd Kennedy and others approached threateningly; however, no fight ensued and defendant left after getting help in pushing his car which had stalled in the meantime.

Defendant then returned to a party of his own and related the incident to the persons there in attendance. One of his associates, George Johnson, suggested they return to the Gamble party to "scare them". They picked up a shotgun at Johnson's house and returned in defendant's automobile to the site of the previous altercation.

Defendant drove the automobile and Johnson wielded the shotgun as they approached the apartment house where the Gamble party was taking place. A witness, one James Hibner, heard defendant say something about "getting the fat man". Kennedy saw the shotgun and fled toward the apartment house. Several other partygoers were in the vicinity as Johnson opened fire, firing the weapon twice toward the apartment house, and once into the ditch where the prosecuting witness, Gamble, was standing. Gamble was struck in the leg with buckshot and injured. Defendant and his associate Johnson, sped off in their automobile after the third shotgun blast was fired.

Defendant states the following issues for review:

A. Assault with intent to maim is not a lesser included offense of assault with intent to murder, and therefore trial court erred in submitting the charge of assault with intent to maim to the jury.

B. The shot fired at Gamble was separate and distinct from any assault on Ken-

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Richard G. Blane, II, Asst. County Atty., Des Moines, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of assault with intent to commit murder in violation of § 690.6, The Code, 1975. After his plea of not guilty, he was tried to a jury and convicted of the crime of assault with intent to maim, in violation of § 694.7, The Code, 1975. He was sentenced and now appeals. We affirm.

On July 26, 1975 defendant was riding a converted snowmobile, colloquially referred to in the record as a "grassdragger", along a ditch in front of an apartment building

nedy and in the absence of evidentiary support, trial court erred in instructing on the question of transferred intent.

C. The testimony of the witness, James Hibner, exceeded the scope of the answers to the bill of particulars filed by the prosecution and was therefore inadmissible.

■■■ I. Defendant contends he is entitled to a new trial since the trial court improperly instructed that assault with intent to maim is a lesser included offense of the crime of assault with intent to murder. The defendant concedes he is confronted with some problem in connection with the preservation of this error. The problem arose when defendant expressly waived any objection to the instruction on lesser included offenses, stating: "These are the only two objections to the instructions, Your Honor, that I did have." An objection to an instruction which is contrary to law may be urged in a motion for a new trial unless it has been expressly waived. Section 787.-3, The Code, 1975; *State v. Rosewall,* 239 N.W.2d 171 (Iowa 1976); *State v. Dague,* 206 N.W.2d 93 (Iowa 1973). Defendant may not challenge the instruction, having waived any error therein. In *Rosewall,* at page 175 of 239 N.W.2d, we said:

"Criminal defendants cannot be allowed to encourage or participate in submission of lesser included offenses as a trial tactic with the knowledge that, if they are convicted of the lesser included offense, it will be set aside."

■■ Defendant contends there is a jurisdictional defect in any case where a defendant is convicted of a crime not charged in the indictment. This might possibly occur where there is no factual basis for instructing on a lesser included offense. The information in this case obviously satisfies the constitutional requirement that the accused be informed of the charge against him where the crime charged is factually related to the crime of which he is convicted so as to allow him to prepare a defense. See *State v. Meyers,* 256 Iowa 801, 129 N.W.2d 88 (1964); *Paterno v. Lyons,* 334 U.S. 314, 319–322, 68 S.Ct. 1044, 1046–1048, 92 L.Ed. 1409 (1948). A blast from a shotgun which strikes the victim in the leg as in this case is a factual situation which obviously relates the offense of assault with intent to murder with the crime of assault with intent to maim. We are unable to perceive any jurisdictional defect, and consequently conclude there is no merit in defendant's contention in this regard.

II. Defendant objected to the instruction on transferred intent, asserting that the distance between the victim, Gamble, and the intended victim, Kennedy, was such that no evidence could support a finding that Gamble's injury resulted from the assault on Kennedy. The instruction read:

"If the jury finds that the defendant was in the act of assaulting Todd Kennedy without just excuse or justification and failed to shoot him, but instead assaulted Darrell Gamble, he is guilty to the same extent as if he had shot Todd Kennedy."

■■■ Defendant asserts there were two separate assaults. One on Kennedy and one on Gamble. The above-quoted instruction, however, limits its application to the assault on Kennedy. By the foregoing instruction the jury is properly given the option to decide if more than one assault occurred. The facts could support a single assault theory. From the testimony a jury could find that the shots were fired within seconds of each other from the same window of a moving automobile. The distance between the two targets (Gamble and Kennedy) could be explained by the haste with which they were fired or by the motion of the automobile. Where there is evidence to support a theory, the court must submit the issue to the jury. *Miller v. International Harvester Co.,* 246 N.W.2d 298 (Iowa 1976). The evidence supported the single assault theory and trial court properly submitted the issue of transferred intent to the jury.

■■ III. Before trial defendant filed a motion for a bill of particulars and a motion to produce by which defendant sought statements both exculpatory and inculpatory, as well as specific information regarding the crime charged. Defendant also sought

to determine which witness would testify regarding the statement about "getting the fat man", and who made that statement.

The prosecution complied with the motion for a bill of particulars prior to interrogating its witnesses sufficiently to know who had heard the "fat man" statement. The answer indicated George Johnson (the holder of the shotgun) had referred to the "fat man". Another statement was said to have been made by an occupant of the vehicle, but the identity of the occupant was not known. Five days later, just prior to trial, the county attorney sought to amend the bill of particulars. He stated that the State's witness, James Hibner, would testify defendant had stated in effect "get the fat man because I am going to kill him." The defendant resisted the introduction of this statement, arguing that it should not be admitted if it fell outside the answers to the bill of particulars. The trial judge proposed that the witness not be called that day, and that defense counsel depose Hibner that evening. The court also offered to continue the case following the deposition for time needed to recover from any surprise prejudicial to the defendant. Defendant took no advantage of the court's offer and stood on his objection.

■ The problem arose in this case from the defendant's consolidation of three pretrial procedures in one motion for bill of particulars. A bill of particulars is on the order of a motion for more specific statement. Its purpose is to assist defendant in the preparation of his defense. *State v. Lass,* 228 N.W.2d 758, 765 (Iowa 1975). The motion to produce is also discussed in *Lass,* as being the vehicle for obtaining inspection of statements of witnesses. The third function served by defendant's motion was discovery. He sought to discover information obtained during the State's investigation of the circumstances of the offense. Such discovery is not properly embraced in the procedure permitting the motion for a bill of particulars. In *State v. Lass,* at page 765, we said:

"The motion for a bill of particulars comes at the pleading stage and cannot be used as a device to obtain the prosecutor's evidence or theory of the case or unessential allegations."

The information sought about the "fat man" statement is not essential to the preparation of the defense of the case. Thus it is not involved in the procedure having to do with the filing of a bill of particulars and the rule that the State is limited to proof specified in the bill does not apply. Defendant was not surprised or hampered in the preparation of his defense by the State's failure to investigate before it answered the defense motion for a bill of particulars. See *State v. Hall,* 235 N.W.2d 702, 720–721 (Iowa 1975). Furthermore, the information could easily have been obtained by the defendant deposing the witness Hibner. The minutes attached to the indictment indicate that Hibner heard one of the occupants say in effect, "get the fat man because I'm going to kill him."

■ The failure of the State to answer defendant's inquiry specifically five days before trial did not prejudice defendant. Furthermore, the trial judge offered defendant an opportunity to depose if necessary and to continue the case in the interests of justice. In *Hall, supra,* at page 721 of 235 N.W.2d, we held that not every variation from a bill of particulars justifies exclusion of the evidence. We find that defendant's rights were not in any way prejudiced by the action of the trial court, and that there is no merit in defendant's contention otherwise.

We find no merit in any of the issues stated for review by defendant. We therefore affirm the trial court.

AFFIRMED.