**STATE of Iowa, Plaintiff-Appellee,**

v.

**Eugene Merlin ENGLEBRECHT, Defendant-Appellant.**

**No. 66362.**

Court of Appeals of Iowa.

Dec. 30, 1981.

Douglas F. Staskal, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals from judgment and sentence imposed upon conviction of OMVUI, third offense, in violation of section 321.281, The Code, and driving while a license is barred in violation of section 321.-561, The Code. On appeal he asserts: (1) that he was never formally charged with third offense OMVUI and that therefore the judgment and sentence imposed for that offense was improper; and (2) that the indeterminate sentence imposed upon the driving while barred charge was illegal.

On April 25, 1980, defendant was charged by information with OMVUI *second offense* in violation of section 321.281, The Code. On that same day defendant was also charged with operating a motor vehicle while his license was barred in violation of section 321.561, The Code. The charges were consolidated for trial, and defendant appeared on January 16, 1981, to plead guilty.

At the plea proceeding trial court explained the elements of OMVUI *third offense* in the following manner and the following exchange occurred:

THE COURT: Now, Mr. Englebrecht, with regard to the charge of operating a motor vehicle while under the influence of an alcoholic beverage, third offense, there are certain elements of this offense that you have been charged with that the State would have to prove beyond a reasonable doubt to the satisfaction of the Jury. And those would include the fact that on the 21st of March, 1980, you operated a motor vehicle while under the influence of an alcoholic beverage; that also in Linn County that you were convicted on October 24, 1978, of the offense of operating a motor vehicle while intoxicated.

Can you shed a little light on the third one?

THE PROSECUTOR: There was an amendment made to the County Attorney's Information which included the conviction in August of '78 of plaintiff Englebrecht in Johnson County for O.M.V.U.I. This is the amendment. I don't have my copy file stamped in Criminal Cause Number 6079. October 28, 1980, he was convicted of the offense of O.M.V.U.I.

DEFENSE COUNSEL: Do you have that record, your Honor? I have a copy of it. Mine is not file-stamped either. THE PROSECUTOR: I can't explain to the Court why that is not filed when I got service on the defense counsel, and my own file reflects it, but we can certainly enter that now, your Honor, and that is an amendment which included the third offense in Johnson County.

This amended information apparently was never filed, and it does not appear in the trial court file or docket entries. Defendant went ahead and pleaded guilty to OMVUI third offense. The plea proceeding appears to have complied with Iowa R.Crim.P. 8. Defendant admitted the two prior OMVUI convictions. Defendant also pleaded guilty to the charge of driving while barred. No motion in arrest of judgment was filed even though defendant was informed of the motion in arrest requirements.

On February 13, 1981, judgment was entered on the convictions of OMVUI third offense and driving while barred, and defendant was sentenced to not more than five years on the OMVUI conviction and not more than two years on the driving while barred conviction.

■ I. Defendant first contends that because the record fails to show that the amendment to the information increasing the charge from second offense OMVUI to third offense OMVUI was ever filed with the clerk, the trial court erred in entering judgment of conviction and sentence on the greater charge. We disagree.

Iowa R.Crim.P. 4(8)(a) provides that the court may order the information amended so as to correct errors or omissions in matters of form or substance either before or during the trial. The amendment in the present case was served upon defendant's attorney prior to the time the guilty plea was entered. Defendant, defendant's counsel, and the prosecutor all appeared to know of its contents. The court was apprised of the contents of the amendment when the plea was entered. Under these circumstances, the defendant implicitly consented to the amendment and the trial court implicitly approved it. The only defect is that, somehow, the amended information did not find its way into the court file.

We find no reason to deny the efficacy of this amendment which is otherwise established in the record by virtue of the transcript of the guilty plea hearing during which it was read. Any irregularity in the failure to file the amended information must, under the circumstances, be deemed to have been waived by defendant. *See State v. Meyers*, 256 Iowa 801, 805–06, 129 N.W.2d 88, 91 (1964).

■ II. Defendant also asserts it was error to impose an indeterminate sentence on the driving while barred charge under section 321.561. We agree that because that offense is a misdemeanor it is not within the provisions of the indeterminate sentence statute as set forth in section 902.-3, The Code. Accordingly, the sentence imposed on the driving while barred charge is vacated and the matter remanded for resentencing on that charge. Both judgments are otherwise affirmed.

AFFIRMED AND REMANDED FOR RESENTENCING.