**STATE of Iowa, Appellee,**

v.

**Jeffrey L. TAGGART, Appellant.**

No. 87–456.

Supreme Court of Iowa.

Oct. 19, 1988.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., James Smith, County Atty., and James Ramey, Asst. County Atty., for appellee.

Charles L. Harrington and Raymond E. Rogers, Appellate Defenders, for appellant.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Jeffrey L. Taggart appeals his convictions of two counts of willful injury in violation of Iowa Code section 708.4 (1985). The district court instructed the jury that willful injury was an included offense in the trial information charges of two counts of attempt to commit murder.

His contention on appeal is that the trial court lacked jurisdiction to enter judgment and sentence on his convictions of willful injury because the court erred in instructing the jury that willful injury was an included offense in the charge of attempt to commit murder. Defendant concedes that he did not preserve error in the trial court on his present contentions.

The court of appeals reversed the convictions. We granted further review. Because we conclude the trial court had jurisdiction to enter judgment and sentence on the convictions for willful injury, we vacate the court of appeals decision and affirm the trial court.

I. *Background facts and proceedings.* On July 15, 1986, defendant stabbed two men as they slept at the Door of Faith Mission in Des Moines. He was subsequently arrested and a trial information was filed charging him with two counts of attempt to commit murder in violation of Iowa Code section 707.11 (1985). Defendant did not dispute stabbing the victims, but instead relied upon the defense of insanity. *See* Iowa R.Crim.P. 10(11)(b).

During trial, the court distributed to counsel for the State and defendant its proposed jury instructions which included an instruction on the elements of willful injury as a lesser included offense of attempt to commit murder. The parties were given an opportunity to state on the record any objection to these proposed instructions. Defendant made no objection at that time. Following the submission of all evidence, the court again gave opportunity for counsel to state objections to the jury instructions for the record. At this time, defendant's counsel made no objections to the instructions, stating, "I at this point, Judge, have nothing further to add or any renewed objections to the instructions. I

think they are fine as they were when we first looked them over."

The court then instructed the jury on the elements of attempted murder and, as a lesser included offense, willful injury. The court also instructed on other included offenses. The jury returned a verdict of guilty on both counts of willful injury. Defendant filed no post-trial motions. Judgment was rendered on these verdicts.

Defendant appealed. We transferred the case to the court of appeals, which reversed. On further review, we now affirm the trial court judgment.

■ II. *Failure to preserve error.* Defendant failed to preserve error in the trial court by objecting to the giving of the jury instruction that stated that willful injury was an included offense in the charge of attempt to commit murder.

Relative to jury instructions in criminal proceedings, Iowa Rule of Criminal Procedure 18(5)(f) provides in part, "The rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions." Iowa Rule of Civil Procedure 196 governs jury instruction in civil matters and in part provides:

Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal.

We have repeatedly held that timely objection to jury instructions in criminal prosecutions is necessary in order to preserve any error thereon for appellate review. *State v. Burkett*, 357 N.W.2d 632, 634–35 (Iowa 1984); *State v. Blackford*, 335 N.W. 2d 173, 177 (Iowa 1983); *State v. Beeman*, 315 N.W.2d 770, 775–76 (Iowa 1982); *State v. Rouse*, 290 N.W.2d 911, 914 (Iowa 1980); *see also State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988); Dunahoo & Thomas, *Preservation of Error and Making the Record in the Iowa Criminal Trial and Appellate Processes*, 36 Drake L.Rev. 45, 78–79 (1986–87). There is no claim made that the district court failed to comply with the procedures prescribed in rule 196. Therefore, since no objection to the jury instructions was made of record, we do not consider defendant's claimed error concerning the lesser included offense instruction.

■ Failure to timely object to an instruction not only waives the right to assert error on appeal, *Porter v. Iowa Power and Light Co.*, 217 N.W.2d 221, 237 (Iowa 1974), but also "the instruction, right or wrong, becomes the law of the case." *Froman v. Perrin*, 213 N.W.2d 684, 689 (Iowa 1973). *See also Champlin v. Walker*, 249 N.W.2d 839, 840 (Iowa 1977); *Business Ventures, Inc. v. Iowa City*, 234 N.W.2d 376, 384 (Iowa 1975); Allbee & Kincaid, *Error Preservation in Civil Litigation: A Primer for the Iowa Practitioner*, 35 Drake L.Rev. 1, 23 (1985–86). Thus, the lesser included offense instruction became the law of this case. We are bound to consider, for purposes of this appeal, willful injury as a lesser included offense of attempted murder. The district court was vested with the authority to render a judgment on this lesser included offense. *See* Iowa R.Crim.P. 6(1), 21(3). We have no occasion here to consider whether willful injury is a lesser included offense in attempted murder in other procedural contexts.

III. *Jurisdiction of the District Court.* Our decision in division II above adequately disposes of one aspect of defendant's appeal. We next address defendant's contention relative to the subject matter jurisdiction of the district court. Defendant contends the district court lacked jurisdiction over the offense of which he was convicted. Defendant presents his objection in the form of an attack on the information and cites *State v. Trucke*, 410 N.W.2d 242 (Iowa 1987), and a number of decisions from other jurisdictions in support of his position.

In *Trucke,* we reversed the convictions of two parents found guilty of violating Iowa's compulsory education law, Iowa Code section 299.1 (1985). We noted in our decision Iowa Rule of Criminal Procedure 10(2)(b) which provides in part:

Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:

Defenses or objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceeding).

In *Trucke,* it was determined that not only did the information fail to charge an offense, but at the time the prosecution had commenced, no crime could yet have been committed. *Trucke,* 410 N.W.2d at 243. This factual background is quite different from the situation at bar. It is not disputed that the information filed against Taggart properly alleged the commission of an offense. Thus, unlike the district court in *Trucke,* the district court here was properly called upon by a legally sufficient information to exercise its jurisdiction.

■ Rule 10(2)(b) addresses those situations in which an information or indictment fails to adequately allege *any* offense and therefore fails to present a justiciable matter for consideration by the district court. *See e.g. State v. Trucke,* 410 N.W.2d 242, 243 (Iowa 1987); *see also* 8c M. Waxner, M. Eisenstein & S. Allen, *Moore's Federal Practice* § 12:03 (2d ed. 1984), and M. Rhodes, *Orfield's Criminal Procedure Under the Federal Rules* § 12:103 (2d ed. 1985) (discussing Federal Rule of Criminal Procedure 12(b)(2), the federal analogue to Iowa Rule of Criminal Procedure 10(2)(b)).

■ Taggart also contends that the district court must acquire jurisdiction of each offense, and, that in order to do so, each offense must be described in the charging instrument. Against a similar claim we stated:

Defendant attempts to overcome this failure to preserve error by asserting the jury was allowed to convict "without reference to the statutory offense ... on elements of an offense newly created by the jury instructions." This he argues resulted in a lack of jurisdiction.... Trial court clearly had subject matter jurisdiction, that is, *the power to hear the general class of cases to which these proceedings belong.*

*State v. Pinckney,* 306 N.W.2d 726, 729 (Iowa 1981) (citations omitted) (emphasis added). The trial court in this action was empowered to hear the general class of cases in which both attempted murder and willful injury belong, therefore defendant's claimed lack of jurisdiction is without merit.

This finding is in accord with previous decisions of Iowa courts upholding judgments in which district courts have accepted guilty pleas to offenses not charged in the original informations. *See e.g., State v. Meyers,* 256 Iowa 801, 805, 129 N.W.2d 88, 90–91 (1964) (finding no jurisdictional error where the court accepted a guilty plea to assault with intent to commit rape when the greater crime of incest was charged); *State v. Englebrecht,* 316 N.W.2d 415, 417 (Iowa App.1981) (finding that defendant had waived any irregularity in the failure to file an amended information and thus trial court properly entered judgment of conviction and sentence on a charge greater than that alleged in the information); *cf. State v. Victor,* 310 N.W.2d 201, 202 (Iowa 1981) (plea of guilty to willful injury where original information alleged attempted murder).

Many of the cases cited by defendant from other jurisdictions merely pertain to courts refusing to instruct juries in criminal prosecutions on offenses preferred by the defendants. *See e.g. People v. Travis,* 94 Ill.App.3d 983, 50 Ill.Dec. 325, 419 N.E. 2d 433 (1981) (affirming trial court's refusal to submit defendant's requested instruction on offense of concealment of a homicidal death where defendant was charged with murder). Others, like *Trucke,* address instances where the charging instrument fails to allege any offense whatsoev-

er. *See e.g., State v. Cimpritz,* 158 Ohio St. 490, 110 N.E.2d 416 (1953) (charging instrument failed to allege a necessary element of the offense and was thus fatally defective). Still others simply rely on state law that is not applicable in Iowa. *See e.g. State v. Handley,* 585 S.W.2d 458, 461 (Mo. 1979) (relying in part on the constitution of the State of Missouri).

 Lastly, to the extent that defendant raises any issues concerning notice or constitutional concerns, our decision in *State v. Willis,* 250 N.W.2d 428 (Iowa 1977), is controlling. In *Willis,* the defendant was charged with assault with intent to commit murder after firing a shotgun at another individual. After failing to object to a jury instruction on the lesser charge of assault with intent to maim on the ground it was not a proper included offense, the defendant asserted a jurisdictional error on appeal. *Id.* at 430. In response we stated:

> Defendant contends there is a jurisdictional defect in any case where a defendant is convicted of a crime not charged in the indictment. This might possibly occur where there is no factual basis for instructing on the lesser included offense. The information in this case obviously satisfies the constitutional requirement that the accused be informed of the charge against him where the crime charged is factually related to the crime of which he is convicted so as to allow him to prepare a defense.... A blast from a shotgun which strikes the victim in the leg as in this case is a factual situation which obviously relates the offense of assault with intent to murder with assault with intent to maim. We are unable to perceive any jurisdictional defect, and consequently conclude there is no merit in defendant's contention in this regard.

*Id.* (citations omitted).

The trial information and minutes of testimony filed against defendant in this action described in detail the two stabbing incidents. Moreover, defendant did not contest the fact that he had committed these acts. The two stabbing incidents obviously factually related the crimes of attempt to commit murder with willful injury.

For the above reasons, we conclude the district court had jurisdiction to enter judgment of convictions of willful injury against defendant.

IV. *Disposition.* For the reasons stated, we find no reversible error in the trial court's judgment and sentence rendered on defendant's convictions of willful injury. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.