STATE of Iowa, Appellee,

v.

John William WALLACE, Appellant.

No. 90–682.

Supreme Court of Iowa.

Sept. 18, 1991.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., John Sarcone, County Atty., and Daniel Voogt, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

John William Wallace was charged with the crime of willful injury. *See* Iowa Code § 708.4 (1989). Before the district court submitted the case to the jury, Wallace

attempted to waive all lesser-included offenses. After an extended colloquy with Wallace, the court refused to accept the attempted waiver. The court was not convinced that Wallace had made a knowing, intelligent, and voluntary waiver. The court then submitted three lesser-included offenses, and the jury convicted Wallace of one: assault with intent to inflict serious injury. *See* Iowa Code §§ 708.1, 708.2(1). Wallace contends the district court's refusal to accept his attempted waiver was error. We agree and reverse and remand with directions to dismiss.

In October 1989 Brian Mainers sold Wallace a car. Several days later Mainers went to Wallace's home where, after some discussion, the two began fighting. Wallace wanted his money back because he had discovered the car had rust in its underbody. One thing led to another, and before long the two were trading punches on the front lawn.

A neighbor joined in the fracas, apparently to help Wallace. While the three were fighting, Mainers was hit in the head with a brick. Mainers suffered a skull fracture from the blow.

Wallace claimed the neighbor threw the brick; Mainers claimed Wallace threw it. By the time the police were called in to investigate the claims, the neighbor had disappeared.

The State charged Wallace with willful injury. At trial Wallace's defense, of course, was that the neighbor, not he, had thrown the brick.

After both sides rested, the court gave the parties a set of proposed jury instructions. The instructions were informally discussed off the record. During this discussion Wallace's counsel advised the court that Wallace wanted to waive all lesser-included offenses and have the case submitted solely on the willful injury charge. Wallace's counsel and the court questioned Wallace in detail on the record attempting to insure that Wallace understood what he was doing.

Following a private discussion with his counsel and his woman friend, Wallace was steadfast in his decision to waive the lesser-included offenses. The prosecutor made his record on the attempted waiver and stated he had no objections to it.

The court then ruled it would give the lesser-included offenses. The court was convinced that Wallace did not fully understand his rights. The court was also convinced that Wallace did not have a full understanding of what the consequences might be.

Wallace's counsel objected to the ruling, the court submitted the lesser-included offenses, and the jury found Wallace guilty of the lesser-included offense of assault with intent to inflict serious injury. *See* Iowa R.Crim.P. 21(3) (allows jury to find the defendant guilty of "any offense the commission of which is necessarily included in that with which the defendant is charged"). The court later sentenced Wallace to an indeterminate sentence of two years. *See* Iowa Code § 903.1(2).

Wallace appeals, contending the district court's action in submitting the lesser-included offenses was error. He argues a waiver of such offenses need not be knowing, intelligent, and voluntary to be effective because the lessers' submission does not involve a fundamental right. In any event, Wallace is convinced his waiver did meet these three conditions.

The State apparently agrees with Wallace that no fundamental right is involved. The State feels that the issue is important and likely to recur so it wants us to resolve it. We agree the issue is important so we address it.

Our review is on error. Iowa R.App.P. 4; *State v. Johnson*, 328 N.W.2d 918, 919 (Iowa 1983).

■ Iowa Rule of Criminal Procedure 6(3) requires the district court to instruct the jury on all lesser-included offenses. But if the State consents, the defendant can waive the submission of such offenses. *State v. Greer*, 439 N.W.2d 198, 200 (Iowa 1989).

The State thinks the question we face is this: What quality of waiver suffices to relieve the district court of its duty to

instruct on lesser-included offenses? The State suggests the quality of the waiver is proportional to the nature of the right waived. We agree in both instances.

The United States Supreme Court has defined waiver:

> A waiver is ordinarily an intentional relinquishment ... of a known right or privilege. The determination of whether there has been an intelligent waiver of [that] right ... must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

■ Courts have set high standards of proof for the waiver of fundamental rights. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694, 724, *reh'g denied*, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966). Fundamental rights are those which have their origin in the express terms of the United States Constitution or which are necessarily to be implied from those terms. *See San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 33–34, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16, 43, *reh'g denied*, 411 U.S. 959, 93 S.Ct. 1919, 36 L.Ed.2d 418 (1973). Courts indulge every reasonable presumption against a waiver of such rights. And courts do not presume acquiescence in the loss of fundamental rights. *Johnson*, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466. Because of the importance of fundamental rights, the State must prove the waiver of such rights was knowingly, intelligently, and voluntarily given. *State v. Whitsel*, 339 N.W.2d 149, 152 (Iowa 1983). Whether the waiver is knowingly, intelligently, and voluntarily given is a factual rather than a legal determination. *Id.*

In sum, courts have recognized the need to look upon waivers of fundamental rights with skepticism. It is clear through the language of the cited cases that fundamental rights shall not be readily uprooted without a knowing, intelligent, and voluntary waiver.

■ In capital cases, a state may not prohibit lesser-included offenses. *Beck v. Alabama*, 447 U.S. 625, 637–38, 100 S.Ct. 2382, 2389–90, 65 L.Ed.2d 392, 402–03 (1980) (invalidating statute prohibiting trial court from instructing on lesser-included offenses in capital cases). Such a prohibition is a violation of due process. *Id.* In *Beck*, the Supreme Court stopped short of extending the holding to noncapital cases. *Id.* at 638 n. 14, 100 S.Ct. at 2390, 65 L.Ed.2d at 403.

The Supreme Court cited a "significant constitutional difference between the death penalty and lesser punishments." *Id.* at 637, 100 S.Ct. at 2389, 65 L.Ed.2d at 403. The Court reasoned that

> [w]hen the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the "third option" [the other two options being conviction of the highest offense or acquittal] of convicting on a lesser-included offense would seem inevitably to enhance the risk of an unwarranted conviction.

*Id.*, 100 S.Ct. at 2389, 65 L.Ed.2d at 402–03. Without the "third option," a jury might convict believing the defendant had committed some serious crime deserving of punishment. Or it might acquit to avoid the ultimate sanction of death. These possibilities, the Court held, "introduce[ ] a level of uncertainty and unreliability into the fact finding process that cannot be tolerated in a capital case." *Id.* at 643, 100 S.Ct. at 2392, 65 L.Ed.2d at 406.

A few courts have faced the question whether the right to a jury instruction on lesser-included offenses is a fundamental one in the context of noncapital cases. All have held that it is not. *Look v. Amaral*, 725 F.2d 4, 8–9 (1st Cir.1984) (counsel's waiver on record held sufficient); *State v. Whistnant*, 179 Conn. 576, 583, 427 A.2d 414, 418 (1980) (no fundamental right to jury instruction on every lesser-included offense supported by evidence or indictment; defendant must preserve error by request-

ing the instruction); *Jones v. State*, 484 So.2d 577, 578–79 (Fla.1986) (counsel's waiver on record held sufficient); *see also,* 23A C.J.S. *Criminal Law* § 1357, at 271 (1989).

Florida has a death penalty. Relying in part on *Beck*, the Florida supreme court has held that a capital defendant, as a matter of due process, is entitled to have the jury instructed on all necessary included offenses. The court found that the right could be waived. But the waiver must be a personal, knowing, and intelligent one and on the record. *Harris v. State*, 438 So.2d 787, 797 (Fla.1983), *cert. denied*, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984) (record was sufficient to show valid waiver by defendant). The three conditions arose out of the court's belief that the right to lesser-included offenses is integral to due process in the capital context. *Id.* at 796–97.

In *Jones*, however, the Florida supreme court refused to extend its holding in *Harris* to noncapital offenses. In refusing to do so, the court said:

> While we acknowledged in *Harris* the fundamentality of the right to [lesser-included] instructions to due process in the capital context, we here decline to apply that case's requirement of an express personal waiver outside of the context in which it was found necessary. As petitioner himself suggests, due process is not a technical conception of fixed content unrelated to time, place and circumstances. Far from the situation in *Beck*, where jury instructions on lesser-included offenses were forbidden, petitioner was here offered an opportunity to have such instructions given, and quite clearly waived the opportunity. We decline to apply the formal requirement of *Harris* to this case, where no question exists as to the fact, as opposed to the proper manner, of the waiver below.

We find that no personal waiver is required in order to guarantee fundamental fairness in the noncapital context. *Jones*, 484 So.2d at 579.

We, too, believe that the right to a jury instruction on lesser-included offenses in noncapital cases falls short of being fundamental. Unlike *Beck*, no Iowa statute prohibits lesser-included offenses. To the contrary, our criminal rules require them. *See* Iowa R.Crim.P. 6(1), 6(3). Like *Jones*, we decline to require a showing on the record that the defendant personally, knowingly, intelligently, and voluntarily waived lesser-included jury instructions.

Counsel's professional statement to the trial court that the defendant waives such instructions is enough. The trial court may properly assume from this professional statement that counsel has informed the defendant of the defendant's right to such instructions, what the consequences might be if they are waived, and that the defendant elected to waive them. In short, the court may properly assume that the defendant has knowingly, intelligently, and voluntarily given the waiver. *Cf. State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981) (defense counsel's waiver of defendant's statutory right to speedy trial held effective). We view defense counsel's failure to request the lesser-included instructions in the same manner.

Our holding is consistent with two of our prior decisions. *See State v. Burkett*, 357 N.W.2d 632, 635 (Iowa 1984) (defendant was convicted of first-degree murder and sentenced to life); *State v Veverka*, 271 N.W.2d 744, 749 (Iowa 1978) (same). In each case, the defendant requested no jury instructions. And in each case counsel stated on the record that the defendant wished to go to the jury on the offense charged and nothing else. *Burkett*, 357 N.W.2d at 635; *Veverka*, 271 N.W.2d at 749. In each case defendant claimed error on appeal because no lesser-included offenses were given. In each case we said the defendant had not preserved error. *Id.* Both cases are classic examples of an "all or nothing" defense. As one court aptly put it in analogous circumstances,

> [d]efense counsel may well have felt that, on the evidence, the jury would be more likely to convict on manslaughter than to acquit, but if given a choice only

between a murder conviction and acquittal that an acquittal was more likely. *Look*, 725 F.2d at 9.

■ Our holding is also consistent with our long-established rule that a right to jury instructions on lesser-included offenses is conditioned upon a request for such instructions or an objection to the court's failure to give them. *See State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988); *see also* Iowa R.Crim.P. 18(5)(f) (incorporating by reference requirements of Iowa Rule of Civil Procedure 196, which states that only objections to jury instructions that are made to the trial court shall be considered on appeal).

Here the district court could have relied on the defense counsel's professional statement that Wallace wanted no lesser-included jury instructions and gone no further. But unfortunately the court went further. The court crossed the line into constitutionally protected rights by insisting that the waiver must be established by a showing that Wallace knowingly, intelligently, and voluntarily gave it.

We offer no criticism for the court's caution. To the contrary, we commend the court because the record reveals a concerned, compassionate, and conscientious judge, one who wanted to make sure Wallace knew what he was doing. We understand the court's concern. On conviction of willful injury, Wallace was facing mandatory imprisonment for a substantial period of time and the possibility of a substantial fine. *See* Iowa Code §§ 702.11 (felonious assaults such as willful injury are forcible felonies); 907.3 (a deferred sentence and probation are denied those convicted of forcible felonies); 708.4 (willful injury is a .class "C" felony); 902.9(3) ("A class 'C' felon ... shall be confined for no more than ten years, and in addition may be sentenced to a fine of not more than ten thousand dollars."). The lessers carry considerably less penalties and do not require mandatory imprisonment.

■ But our review of the colloquies leaves no doubt that Wallace knew exactly what he was doing. The court and counsel made it so clear what Wallace was giving up and what the consequences might be that we fail to see how Wallace could not have understood. In addition, defense counsel apparently believed that Wallace knew what he was doing because counsel objected to the court's ruling. Had Wallace had his way and then been convicted of the higher offense, no doubt his appeal would be based on the failure to give lesser-included offenses. On this record our holding would have been the same: there was an effective waiver. Contrary to the district court's findings, the colloquies conclusively show that Wallace made a knowing, intelligent, and voluntary waiver.

Wallace was entitled to rely on his "all or nothing" defense. We reluctantly conclude that the district court's failure to abide by Wallace's decision was error.

We reverse and remand with directions to dismiss. Double jeopardy prohibits retrial on the willful injury offense because the jury acquitted Wallace of it. *See* U.S. Const. amends. V, XIV; *State v. Gowins*, 211 N.W.2d 302, 303 (Iowa 1973) (fifth amendment applicable to state prosecution); *Poland v. Arizona*, 476 U.S. 147, 152 n. 2, 106 S.Ct. 1749, 1753, 90 L.Ed.2d 123, 130 (1986) ("a defendant charged with [a greater offense] but only convicted of [a] lesser-included offense ... has been acquitted of the greater charge for purposes of the Double Jeopardy Clause").

, ■ We order no retrial on the lesser-included offense of which Wallace was convicted for several reasons. Fundamental fairness dictates that Wallace should have the benefit of his "all or nothing" defense which he urged in the first trial. Retrial on the lesser-included offense of which he was convicted would deny Wallace this benefit. In addition, the State cannot complain because it could have avoided this result in the first place. Had the State refused to consent to Wallace's waiver, the district court would have been correct in submitting the lesser-included offenses.

REVERSED AND REMANDED WITH DIRECTIONS.