# IN THE COURT OF APPEALS OF IOWA

No. 13-1352
Filed September 10, 2015

**SHON GRAVES,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

An applicant appeals the dismissal of his postconviction-relief application as time-barred. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Michael J. Walton, County Attorney, and Robert L. Cusack, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Iowa Code section 822.3 prescribes the time for filing postconviction-relief applications. In pertinent part, the provision states "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2011).

Shon Graves was found guilty of first-degree murder. This court affirmed his judgment and sentence in 2004. *See State v. Graves*, No. 02-2092, 2004 WL 239857, at *6 (Iowa Ct. App. Feb. 11, 2004). Procedendo issued the same year.

Graves filed a postconviction-relief application more than eight years after procedendo issued.[1] The district court summarily dismissed the application as time-barred.[2] On appeal, Graves contends the trial information "failed to state a criminal action punishable under Iowa statutory law," a claimed omission which he contends implicated the district court's subject matter jurisdiction. Subject-matter jurisdiction can be raised at any time. *See DeVoss v. State*, 648 N.W.2d 56, 62-63 (Iowa 2002).

The Iowa Supreme Court rejected a similar assertion in *State v. Taggart*, 430 N.W.2d 423, 426 (Iowa 1988). There, the defendant argued each offense must be described in the charging instrument before a district court acquires jurisdiction. The court concluded, "[t]he trial court in this action was empowered to hear the general class of cases in which both attempted murder and willful

---

[1] An earlier application, filed shortly after procedendo issued, was denied, and this court affirmed. *See Graves v. State*, No. 11-0995, 2012 WL 3026405, at *1, *3 (Iowa Ct. App. July 25, 2012).

[2] The court also gave other reasons for dismissal, which we need not address.

injury belong, therefore defendant's claimed lack of jurisdiction is without merit." *Taggart*, 430 N.W.2d at 426. We see no basis for deviating from this precedent. We also find persuasive prior unpublished opinions of this court reaching the same conclusion. *See Washington v. State*, No. 14-0923, 2015 WL 4158810, at *3 (Iowa Ct. App. July 9, 2015); *Armstrong v. State*, No. 13-1930, 2015 WL 3884170, at *3 (Iowa Ct. App. June 24, 2015); *State v. Robinson*, No. 12-1323, 2014 WL 251909, at *3 (Iowa Ct. App. Jan. 23, 2014), vacated on other grounds by *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015); *Brown v. State*, No. 13-0244, 2014 WL 3511741, at *1 (Iowa Ct. App. July 16, 2014); *Frasier v. State*, No. 12-1957, 2014 WL 69671, *3 (Iowa Ct. App. Jan. 9, 2014); *Neal v. State*, No. 12-1725, 2014 WL 69529, at *1 (Iowa Ct. App. Jan. 9, 2014).

We affirm the district court's summary dismissal of Graves's postconviction-relief application as time-barred under section 822.3.

**AFFIRMED.**