**IN THE COURT OF APPEALS OF IOWA**

No. 15-0374
Filed April 5, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORVELLE BEEKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, D. J. Stovall (jury trial)

and Peter A. Keller (sentencing), Judges.


        A defendant appeals his conviction asserting counsel provided ineffective

assistance. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., Vogel, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**VOGEL, Judge.**

Corvelle Beeks was charged with possession with intent to deliver a controlled substance (methamphetamine) as an habitual offender and possession of a controlled substance (marijuana), second offense. Following a jury trial, he was convicted on count one of the lesser-included offense of possession of a controlled substance (methamphetamine) and convicted on count two of possession of a controlled substance (marijuana), second offense, both in violation of Iowa Code section 124.401(5) (2014). He appeals claiming his attorney provided ineffective assistance in allowing the jury to be instructed on lesser-included offenses on count one.

To prove counsel was ineffective, Beeks must show counsel failed to perform an essential duty and he was prejudiced as a result. *See State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016). Our review of the claim is de novo, but when such claim is made on direct appeal, we must determine whether the record is adequate to address the claim. *State v. Ary*, 877 N.W.2d 686, 704 (Iowa 2016).

Beeks claims counsel was ineffective in not pursuing an all-or-nothing defense because he admitted on the witness stand at trial to having the methamphetamine in his possession; he simply denied he intended to distribute it. He claims because he admitted to the elements of the lesser-included offense at trial, it was a prejudicial error for counsel to allow the jury to be instructed on the lesser-included offense.

Pursuant to Iowa Rule of Criminal Procedure 2.6(3), it is the court's duty to instruct the jury on the lesser-included offenses that the accused could be found

guilty of under the indictment and evidence presented at trial. A defendant can waive the submission of lesser-included offenses. *State v. Wallace*, 475 N.W.2d 197, 199, 201 (Iowa 1991) (noting a defendant does not have to prove the waiver of lesser-included instructions is knowing, intelligent, and voluntary; "[c]ounsel's professional statement to the trial court that the defendant waives such instructions is enough"). However, "[t]he State also may have a legitimate interest in having a lesser-included offense, which satisfies the statutory elements test, submitted to the jury. . . . The State should not be forced to accept that result because of a unilateral election by the defendant." *State v. Greer*, 439 N.W.2d 198, 200 (Iowa 1989). Thus, the State must consent to a defendant's waiver of jury instructions on lesser-included offenses. *Wallace*, 475 N.W.2d at 199.

As the State points out in this case, we do not know whether counsel discussed the all-or-nothing defense with Beeks, and if so, what advice was given. We also do not know whether the State would have opposed the defense's request to waive lesser-included charges, if such a request had been made. Because we conclude the record on appeal is not adequate for us to address this claim, we preserve it for postconviction-relief proceedings. *See State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." (citation omitted)).

We affirm Beeks's convictions and sentence.

**AFFIRMED.**