# IN THE COURT OF APPEALS OF IOWA

No. 22-1316
Filed September 27, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**PAUL ERAN PETERSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, John R. Flynn, Judge.

A defendant appeals his conviction for assault with intent to commit sexual abuse and his consecutive sentences for that crime and ten other sex offenses. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

Paul Peterson admitted having sexual contact with his teenaged daughter at least twenty times. She said the sex acts occurred so often that she "lost count." The State charged Peterson with seven counts of third-degree sexual abuse and five counts of incest. After a bench trial, the district court found Peterson guilty on all but two counts. The court acquitted him on one count of incest and one count of sexual abuse, and then entered judgment on assault with intent to commit sexual abuse. Peterson appeals that conviction, alleging the court erred in considering a lesser included offense not requested by the parties. He also challenges his indeterminate eighty-two-year sentence.

Because the district court properly entered judgment on the lesser included offense and did not abuse its discretion in sentencing, we affirm.

## I.       Facts and Prior Proceedings

The sexual abuse started when K.P. was fourteen years old. She was twenty-one at the time of trial. For most of those intervening seven years she kept the abuse secret, fearing that people would not believe her. As K.P. recounted, her father isolated her from friends and extended family. Key to that isolation, their family lived in a remote farmhouse and she and her three siblings were home schooled. Her sister was the only person K.P. trusted with the secret. Even after K.P. had children in 2017 and 2019, both fathered by her own father, she did not tell her mother about the incest. Instead, she followed her father's direction to lie about having sex with a boy from her church youth group.

K.P. "never felt like [she] had a choice" when it came to having sex with her father. If she resisted, he would "take it out" on her siblings or her children. The

truth only emerged after her mother moved out of the farmhouse and confronted Peterson about sexually abusing K.P.  Once she moved in with her mother in May 2021, K.P. felt safe enough to disclose the abuse to authorities.

After that disclosure, Larry Hedlund, an investigator with the Webster County Attorney's Office, drove out to the farmhouse to interview Peterson.  When confronted with K.P.'s accusations, Peterson conceded that he could be the father of K.P.'s children.  He told Investigator Hedlund that he had "no idea" how many times he had sexual intercourse with K.P., but he estimated it was around twenty times.  He also admitted having oral sex with his daughter.  Peterson insisted that the sex acts were consensual because "she was okay with it" and "she never said no."  And Peterson was adamant that the sexual contact did not start until K.P. was sixteen years old.  The State also confirmed through DNA testing that Peterson was the father of K.P.'s two children.

The State charged Peterson in a twelve-count trial information.  Counts I and II, as amended, alleged that he committed third-degree sexual abuse, in violation of Iowa Code section 709.4(1)(b)(3)(a) (2021),[1] class "C" felonies, for sex acts occurring when K.P. was fourteen and fifteen years old.  Counts III, V, VII, IX, and XI alleged third-degree sexual abuse in violation of section 709.4(1)(a), class "C" felonies, for sex acts by force or against the will of K.P. (after she turned

---

[1] The amended trial information alleged the criminal acts for the various charges to have occurred in specific timeframes falling between October 2014 and May 2021.  While we cite the 2021 version of the Iowa Code, the version of the code in force when each act was committed applies to the act.  But neither section 709.4 nor section 726.2 were amended in the relevant timeframe.

sixteen). Addressing those same sex acts, counts IV, VI, VIII, X, and XII alleged incest, class "D" felonies, in violation of section 726.2.

Peterson waived his right to a jury trial. After a bench trial, the district court found him guilty as charged on ten counts. The court acquitted him on counts IX and X, offenses alleged to have happened on May 3, 2021; for count IX, the court entered judgment on the lesser included offense of assault with intent to commit sexual abuse. The court sentenced Peterson to consecutive terms on all his convictions, amounting to up to eighty-two years in prison.

Peterson appeals his conviction for assault with intent to commit sexual abuse and his overall sentence.

## II. Analysis

### A. Lesser Included Offense

Peterson challenges only one of his eleven convictions—count IX, assault with intent to commit sexual abuse. We review the submission of lesser included offenses for the correction of errors at law. *State v. Wallace*, 475 N.W.2d 197, 199 (Iowa 1991). But we review Peterson's due process argument de novo. *See State v. Liggins*, 978 N.W.2d 406, 434 (Iowa 2022).

To set the stage for his argument, we detail K.P.'s testimony about May 3, 2021—a significant date because it was the last week that K.P. lived with her father. She testified that Peterson sent her sister to check on the chickens. And then he took K.P. into the bathroom, saying "he had a problem." K.P. recognized that familiar phrase as Peterson's code to reveal that "his penis was hard." But that time, K.P. recalled, "he ended up having a bigger problem because he couldn't get his penis to work." K.P. testified that Peterson was touching her breasts and

his own penis, "trying to get himself aroused" when her sister walked in. At the close of the State's case, Peterson moved for judgment of acquittal on count IX, asserting that "touching the breasts of a sixteen-year-old" was not a sex act as required to prove third-degree sexual abuse. Viewing the record in the light most favorable to the State, the court denied the motion for judgment of acquittal.

Defense counsel revisited this bathroom incident in closing argument:

> I would also like to point out to the court that no lesser-includeds have been requested at this time either by the State or by the defense and that her testimony, at worst, is that he touched her breasts, which does not fit Iowa Code 702.17 and the sex abuse as alleged by the state. Previously the court considered this under the standard in the light most favorable to the State. Here it's beyond a reasonable doubt. And that is not light most favorable to the State. It is simply an acceptance of all the evidence and credibility therein. If the bathroom incident is the May 3 count, no testimony was presented that could find a conviction.

In rebuttal, the State asked the court to consider a lesser included offense if it decided Peterson did not commit sexual abuse on May 3. The prosecutor ventured: "What he was doing to her, it's my assertion that it was a sex act. However, if the court finds otherwise, it was his intent to have sex with her by what he was doing." After the parties' closing arguments, the court probed the parties' positions on lesser included offenses. Defense counsel argued that the court was not authorized to consider lesser included offenses because the State did not request any before closing arguments. The prosecutor disagreed:

> We had an off-the-record discussion about the lesser includeds which were included for sex abuse third. And, again, there's no jury instructions here so there's no period of time where we're arguing about what fits and what doesn't fit. So I believe that it's the court's discretion to consider any of the model instructions, some of which we have pointed to, and that would include the lesser includeds.

Given their disagreement, the court asked for briefing on its authority to consider lesser included offenses after the bench trial. Both parties filed instructive briefs for the district court. The defense argued that the submission of lesser included offenses under these circumstances would violate his right to due process.

But that argument did not succeed. In its written verdict, the court decided it could consider lesser included offenses. The court offered this rationale:

> In this bench trial, neither party formally requested lesser-included offenses. On the other hand, prior to closing arguments none of the parties requested that the Court not consider lesser-included offenses. Moreover, prior to closing arguments there certainly was no agreement between the parties that the Court should not consider lesser-included offenses. The parties both agree that assault with intent to commit sexual abuse and simple assault are lesser-included offenses.

Proceeding from that premise, the court found Peterson not guilty of sexual abuse but guilty of assault with intent to commit sexual abuse under count IX. *See* Iowa Code § 709.11(3). In response, Peterson filed a renewed motion for judgment of acquittal, motion in arrest of judgment, and motion for new trial. The court denied those motions, standing by its reasoning on the consideration of a lesser included offense.

In this appeal, Peterson levels two attacks on his conviction for assault with intent to commit sexual abuse. First, he contends that because the State did not prove that a sex act occurred on May 3, the court should have granted his motion for judgment of acquittal on that offense at the close of the State's evidence. He urges that the remedy is now to reverse and remand to dismiss count IX. That's not possible, according to the State, because that sufficiency challenge became moot when the court acquitted Peterson of the greater offense in its written verdict

after trial. The State also clarifies that acquittal on the greater offense, and not dismissal, would have been the result after its case-in-chief. In reply, Peterson maintains that the matter is properly before our court because this situation is "likely to happen again and likely to evade appellate review, because district courts have opportunities to insulate their error from review."

Like the State, we reject Peterson's proposed remedy of dismissal. Under Iowa Rule of Criminal Procedure 2.19(8)(a) (2022),[2] if the evidence cannot sustain a conviction of an offense, the court must enter judgment of acquittal. But the court should not terminate a prosecution by sustaining a motion for judgment of acquittal when sufficient evidence exists to submit a lesser included offense. *See State v. Hilleshiem*, 305 N.W.2d 710, 717 (Iowa 1981) (citing *State v. Marti*, 290 N.W.2d 570, 584 (Iowa 1980)). That was the situation here. The court was not required to dismiss count IX. Contrary to Peterson's contention, the district court is not insulating any error from review. We find Peterson's first contention is moot. *See In re D.C.V.*, 569 N.W.2d 489, 494 (Iowa 1997) (defining a moot issue as one that no longer presents a justiciable controversy).

In his second attack on the assault-with-intent conviction, Peterson argues the district court could not consider that lesser included offense because the State failed to make a timely request. He stresses the importance of applying the same rules to bench trials and jury trials. And from there, he asserts that the right to have jury instructions on lesser included offenses is "conditioned upon a request for such instructions" under *State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988),

---

[2] As of July 1, 2023, this rule has been renumbered as rule 2.19(7)(a).

*State v. Wallace,* 475 N.W.2d 197, 202 (Iowa 1991), and *State v. Spates*, 779 N.W.2d 770, 773 (Iowa 2010).

Peterson then takes his complaint one step further—he insists that the court's consideration of the lesser included offense violated his due process rights under the state and federal constitutions. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 9. He claims that to satisfy the notice requirements of procedural due process, the State must identify lesser included offenses before closing arguments. He picks that deadline because instruction conferences occur at that point in jury trials. *See* Iowa R. Crim. P. 2.19(5)(f)[3]; Iowa R. Civ. P. 1.924.

But in the State's view, notice is not a problem. The State argues that Peterson should have expected liability for lesser included offenses under the rules of criminal procedure. It points to rule 2.6(1), providing that only the greater offense need be charged, and 2.6(3), requiring courts to instruct on all lesser included offenses for which the accused may be convicted even if "those instructions have not been requested."[4] And rule 2.22(3), which reads: "In all cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which the defendant is charged."[5] The State also cites *State v. Willis*, 250 N.W.2d 428, 430 (Iowa 1977), and *State v. Taggart*, 430 N.W.2d 423, 427 (Iowa 1988), which both hold that the charging documents satisfy the constitutional notice requirement for both the greater offense and lesser included charges.

---

[3] As of July 1, 2023, this rule has been renumbered as rule 2.19(4)(g).
[4] This language does not appear in the revised rule.
[5] This language does not appear in the revised rule.

After parsing the parties' positions, we find no error in the district court's approach. As a baseline, we agree with Peterson's premise that "[t]he lesser included offense doctrine is not confined solely to jury trials." But we disagree with his reading of the jury-trial cases.

We start with *Jeffries*. Peterson recognizes that our supreme court adopted a "jury function theory" that "operates from the premise that a not guilty plea controverts *all* elements of the offense" and "the possibility of finding a lesser-included offense is always present." *Jeffries*, 430 N.W.2d at 733. But he then focuses on this provisory: "Under our modified approach we still retain the rule that to preserve error, a defendant must request a lesser-included offense instruction or object to the court's failure to give it." *Id.* at 737.

The court reiterated this rule in *Wallace,* 475 N.W.2d at 202, and *Spates*, 779 N.W.2d at 773. Peterson construes this error-preservation rule to mean that if a party does not request any lesser included offenses, the fact finder is precluded from reviewing them. Trouble is, that construction confuses error preservation for appeal purposes with the authority of the fact finder to consider lesser included offenses even if they are not requested. If Peterson had not preferred a bench trial, the district court would have had the duty to instruct the jury on lesser included offenses, even if the parties had not requested any. [6] *See* Iowa R. Crim. P. 2.6(3).[7]

---

[6] Only if the State consents can the defendant waive the submission of lesser included offenses to the jury. *See State v. Greer*, 439 N.W.2d 198, 200 (Iowa 1989) (rejecting Greer's interpretation of *Jeffries* as giving him "veto power" over lesser included offenses).

[7] As of July 1, 2023, a new rule on the court's duty to instruct on lesser included offenses appears as rule 2.19(2)(h).

That duty is separate from the rule that only objections to jury instructions made at trial may be considered on appeal. *See Jeffries*, 430 N.W.2d at 737.

Bottom line, the State's failure to request lesser included offenses before its closing argument did not prevent the district court from considering them in reaching its verdict. In reviewing the same question from a bench trial, the Michigan appeals court held: "A trial court may consider lesser offenses sua sponte." *People v. Darden*, 585 N.W.2d 27, 29 (Mich. Ct. App. 1998); *see also State v. Holly*, 833 N.W.2d 15, 36 (N.D. 2013) ("We cannot discern any basis for concluding that a trial court in a bench trial would not have the authority, on its own, to consider a lesser-included offense."). We agree with those courts. In acting as the trier of fact, the district court may consider appropriate lesser included offenses—even if not requested by the parties. And as for Peterson's due process claim, we find that the sexual abuse charge in the trial information allowed him to prepare an adequate defense for the lesser offense of assault with intent to commit sexual abuse. *See Taggart*, 430 N.W.2d at 427; *Willis*, 250 N.W.2d at 430. Finding no common law, rule, or constitutional violation, we decline to disturb the district court's entry of judgment on the lesser offense of assault with intent to commit sexual abuse.

### B. Sentencing

Peterson next challenges his lengthy incarceration. He claims that, because he is forty-one years old, eighty-two years in prison amounts to a life sentence. He contends the sentencing court abused its discretion by (1) focusing on his risk to the community, his lack of remorse, and the remote chance of

rehabilitation and (2) ignoring mitigating factors, such as his positive supports in the community, particularly his parents.

We review Peterson's sentences for the correction of legal error. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). Because the consecutive terms were within statutory limits, we set them aside only if the sentencing court abused its discretion. *Id.* An abuse occurs if the court exercises its discretion on indefensible grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

We find no abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("Discretion encompasses a range of reasonable choices upon which individual judges may differ."). The court gave sound reasons for imposing consecutive sentences. The court noted the long duration—over six years—of Peterson's "reprehensible conduct." It also cited "the nature of the offenses, the need to protect the community and to send a message to the community that this won't be tolerated." The court further focused on the "horribly negative" impact on K.P.'s life as shown in her victim statement. (At sentencing, she described making "the hardest decision any mother could ever do" by giving her sons up for adoption so that they could "forget about the life that they had in the past.") Finally, the court told Peterson that it was considering "the fact that you're not remorseful and because of that, your chances of rehabilitation in this court's eyes are not great."

On that last point, Peterson claims he did express remorse at sentencing. True, he told the court that he felt "ashamed" and "regret every day because [his] kids were without their dad and [his] mom and dad are without their son." But, like the district court, we don't read that allocution as an apology for his abuse of K.P. so much as Peterson feeling sorry for himself. The court properly weighed

Peterson's lack of sincere remorse as relevant to his need for rehabilitation and risk of reoffending. *See State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005). Resentencing is not needed.

**AFFIRMED.**