# IN THE COURT OF APPEALS OF IOWA

No. 24-0159
Filed July 23, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**PRESTON MALIQUE WALLS,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

      A defendant appeals the denial of his motion for new trial following his conviction for assault causing serious injury.  **AFFIRMED.**

      Nick Sarcone of Babich Sarcone, P.L.L.C., Des Moines, for appellant.

      Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

      Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

In September 2023, a jury convicted Preston Walls on three charges. Walls appeals the denial of his motion for new trial following his conviction for assault causing serious injury, basing his challenge on the use of an allegedly defective jury instruction. The State contests error preservation.

Our rule governing jury instructions provides in part:

> Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. But if the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for new trial, and if not so made shall be deemed waived.

Iowa R. Civ. P. 1.924; *see also* Iowa R. Crim. P. 2.19(4)(g) ("The rules relating to the instruction of juries in civil cases apply to criminal cases.").

As rule 1.924 provides, "timely objection to jury instructions in criminal prosecutions is necessary in order to preserve any error thereon for appellate review." *State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988). When the failure to timely object results in failure to preserve error, raising the jury-instruction objection for the first time in a post-trial motion will not revive a defendant's right to assert the error on appeal. *See, e.g.*, *State v. Davis*, 951 N.W.2d 8, 16 (Iowa 2020) (motion for new trial); *State v. Henderson*, 268 N.W.2d 173, 181 (Iowa 1978) (same).

Despite the parties and the court discussing the jury instructions, Walls did not object to the instruction now contested at any point before closing arguments

and before the jury began deliberation. The district court provided defense counsel opportunities to raise objections to the instruction, and defense counsel repeatedly declined and endorsed the instruction. No revision or addition to the jury instruction was made after the parties agreed on the final draft and submitted the instruction to the jury.

Walls raised an objection to the instruction for the first time in his motion for a new trial.[1] This was too late to preserve error. *See Davis*, 951 N.W.2d at 16.

Because Walls failed to preserve error on the only issue he raises on appeal, we affirm.

**AFFIRMED.**

---

[1] This motion was styled as a motion in arrest of judgment but argued as a motion for new trial, which appellant's counsel frames as "inartful."