STATE OF IOWA, appellee, v. ORRIE LESTER MEYERS, appellant.

## No. 51188.

(Reported in 129 N.W.2d 88)

JUNE 9, 1964.

David D. Mitchell, of Cedar Rapids, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Jack M. Fulton, County Attorney, of Cedar Rapids, for appellee.

LARSON, J.—On February 19, 1963, a county attorney's information was filed in the office of the Clerk of the District Court in Linn County, Iowa, charging the appellant, Orrie Lester Meyers, with the crime of incest, in violation of section 704.1, 1962 Code of Iowa. He was arraigned before the court February 20, 1963, an attorney was appointed for him, and he was given until February 26 to plead. On the 26th day of February, 1963, the defendant appeared in court with his attorney and entered a plea of not guilty. On May 20, 1963, he again appeared and offered to plead guilty to the crime of assault with intent to commit rape. Section 698.4, Code of 1962. This plea was accepted by the court and he was sentenced to a term of imprisonment not to exceed fifteen years in the Iowa State Penitentiary at Fort Madison, Iowa. The charge of incest was then dismissed and appeal bond set at $4000.

On September 26, 1963, appellant asked for and received a different court-appointed attorney to prosecute this appeal. The issues he raises are (1) that the court erred in failing to make a record of the voluntary nature of the plea, and (2) that it erred in finding that the crime of assault with intent to commit rape is an included offense to the crime of incest. Underlying these contentions is the thought that he did not receive a fair trial. We find no merit in the first contention and no reversible error in the second.

■■ I. The record before us supplemented by the transcript is brief, and shows nothing that would even infer that appellant's plea of guilty was not voluntary. The record is based entirely upon the calendar sheet entries of various judges of the district. There was no request by either party that the proceedings be transcribed. Appellant does not now contend such a request was made. There is no showing of any irregularity in the proceedings. No undue influence, misrepresentation, fear or intimidation is claimed, and appellant makes no charge that he was not represented by able and effective counsel. Under the state of this record, regularity and not irregularity is presumed. The rule is well established in this jurisdiction that we presume the regularity of actions by officials and courts unless the contrary is made to appear. State v. Bastedo, 253 Iowa 103, 110, 111 N.W.2d 255, and citations; Sewell v. Lainson, 244 Iowa 555, 560, 57 N.W.2d 556. We must assume the court determined that defendant's plea was made freely and without undue influence, as nothing else remained to be determined. People v. Grillo, 319 Mich. 586, 588, 30 N.W.2d 284, 285. Here appellant appeared in open court with able counsel for the purpose of entering a plea of guilty to a crime which was at least related to the one charged in the original information. Finding no error in the court's failure to make a record of the voluntary nature of the plea, and no showing which would justify granting appellant a new trial on that ground, we hold the first assignment is without merit.

■ II. Appellant's second contention raises an interesting question. The calendar entry of the court on May 20, 1963, states: "The defendant appeared in open court in person and with his counsel, Harold Vietor, enters his plea of guilty to the crime of assault with intent to commit rape, as an included offense, and asks for immediate sentence. * * * The charge of incest against the defendant is dismissed." He contends assault with intent to commit rape is not an included offense in incest, and with this contention we are inclined to agree. State v. McCall, 245 Iowa 991, 63 N.W.2d 874.

The crimes of incest and assault with intent to commit rape are different offenses, are found in different chapters of the

Code, and involve different elements. They are, however, related offenses, both being sex crimes, and under the minutes attached to the information before us either charge would find ample support. Incest was the crime duly charged in the information before the court when appellant appeared in court on May 20.

In State v. Jones, 233 Iowa 843, 847, 10 N.W.2d 526, 528, we considered the question of included offenses in a charge of incest, and came to the conclusion there was no such offense in Iowa as assault with the intent to commit incest. There is no such statutory offense, and certainly the rule is clear that to be an included offense two factors must combine: (1) the so-called included offense must be necessarily included in the offense charged, and (2) there must be evidence which would sustain a finding of the included charge. State v. McCall, supra. While the holding in State v. McCall would support appellant's contention that assault with intent to commit rape is not an included offense in the crime of incest, the acceptance of the assault plea would not necessarily void the court's judgment and sentence. The jurisdiction of the court in this matter was not affected.

III. A judgment of conviction upon a voluntary plea of guilty to a crime for which one was not indicted is not necessarily void. 24 C. J. S., Criminal Law, section 1563(1), page 402; People ex rel. Wachowicz v. Martin, 293 N. Y. 361, 366, 367, 57 N.E.2d 53, 55, 56, 154 A. L. R. 1128; People v. Gillespie, 185 Misc. 841, 60 N. Y. S.2d 889; Ex parte Carlson, 176 Wis. 538, 186 N.W. 722, and citations. It is stated in 24 C. J. S., Criminal Law, section 1563(1), that "where an accused person deliberately pleads guilty to a specific crime which is related to, although not included in, the crime charged in the indictment, a valid judgment may be entered on such a plea." In the Wachowicz case it was pointed out that a judgment entered upon an erroneous determination of a question of law by a court of competent jurisdiction is not a nullity and cannot be successfully attacked on that ground in habeas corpus.

In the New York case of People v. Gillespie, supra, like the case at bar, it appears defendant was charged in an indictment with the crime of burglary in the third degree and with unlawful entry. He first entered a plea of not guilty, and a week or so

later withdrew that plea and entered a plea of guilty to the crime of grand larceny in the second degree. The court rendered judgment of conviction and sentenced appellant to a term of five to ten years. Although the prisoner had not been represented by counsel "but was fully advised", the court held he was confined under a judgment which was not a nullity and, as it did not appear the judgment was obtained by trickery, deceit, coercion or fraud, the judgment entered upon a voluntary plea of guilty by him was valid and the defendant was properly confined thereunder.

So here the court's error, if it was error, in considering the assault with intent to commit rape as an included offense in the charge of incest, did not deprive it of jurisdiction. It had jurisdiction of both the defendant and the charged offense of incest. Where the information charges an offense, the court having jurisdiction of the defendant and the subject matter can proceed. Ex parte Carlson, supra, 176 Wis. 538, 186 N.W. 722. It is true a formal accusation is essential for every trial of a crime. Without it the court acquires no jurisdiction to proceed, even with the consent of the parties. Both the Federal and State Constitutions guarantee the accused the right to know with what crime he is charged. That is their purpose. Here there can be no question that the accused did know with what crime he was charged. The information and the attached minutes he was furnished made this quite clear. With effective and able counsel, we assume  he was duly informed as to the related offense of assault with intent to commit rape, and it is clear he elected to plead to it if possible. At least, we are satisfied the court here had jurisdiction to proceed and did proceed as desired by appellant. The troublesome question appearing at this point is that the information does not technically charge the appellant with the offense for which he was sentenced. While it may have been better if the court had required the filing of a new information in this case, we are not convinced the error in accepting the plea prejudiced appellant in any way.

IV.   Did the failure to file a new information constitute reversible error? We think not. Under the circumstance revealed we think appellant waived this irregularity. This he

could do. 14 Am. Jur., Criminal Law, sections 206, 207, pages 912, 913. While statutes requiring that the accused be furnished with a copy of the indictment or information (section 769.9, Code, 1962) are uniformly held to be mandatory, and failure to so do amounts to grounds for reversal, this requirement can be waived.

"By an unbroken line of authority, statutes requiring the service of a copy of an indictment or information on the defendant are not jurisdictional but merely grant privileges which may be waived. The same is true when the right is guaranteed by a constitutional provision. Frequently, it has been held that a defendant waives his right to insist on compliance with the statute by pleading and going to trial without objection." 14 Am. Jur., Criminal Law, section 207, page 913.

Appellant sought and obtained the benefit that might accrue to him from a finding of guilt of a crime connected with the same transaction, although not necessarily included in the crime charged in the information. Here the penalty for incest could be twenty-five years, and for assault with intent to commit rape the maximum is twenty years. He would not lose if his plea were accepted. He made no objection to the procedure. We think he was well advised. He made no motion for a new trial after the court had accepted his plea and had entered the judgment and pronounced sentence. If the objection he now raises had been brought to the court's attention, an opportunity would have been afforded the State to file a new or formal information.

Appellant was not misled or deceived and he is not in a strong position now to urge reversible error or an unfair trial. He had no legal right to have the alleged error considered on appeal. State v. Mart, 237 Iowa 181, 20 N.W.2d 63, and we see nothing unfair in the court's disposition of the matter. As we pointed out in State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, when a defendant is represented by competent counsel, and for reasons of strategy or otherwise does not raise timely objections to procedure he himself proposes to the court, there is always grave danger his technical rights or objections on appeal may have been waived. We hold they were here and that he was

in no way prejudiced by the court's possible error in considering the new charge an included offense.

Indeed, in the recent case of Nelson v. Bennett, 255 Iowa 773, 778, 123 N.W.2d 864, 867, we rejected a contention that an amendment to a county attorney's information was contrary to law, stating: "From appellant's petition it appears that the amendment was made in open court in the presence of appellant and his counsel and that no objection was made thereto." There the amendment reduced the maximum penalty by three years, and we wondered just why appellant or his counsel should object. Here the reduction was five years, and defendant actually received a sentence of five years less than the maximum. We are not convinced this appellant did not have a fair trial or that the judgment and sentence should be set aside.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.