STATE of Iowa, Appellee,

v.

Laura Emily HOCHMUTH, Appellant.

No. 97–1915.

Supreme Court of Iowa.

Oct. 21, 1998.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, William E. Davis, County Attorney, and Michael Walton, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

PER CURIAM.

Laura Hochmuth appeals the judgment and sentence entered upon her conviction of second-degree kidnapping in violation of Iowa Code section 710.3 (1997). She first argues her guilty plea is invalid because it was based upon an uncharged offense. She next argues Iowa Code section 902.12, which requires that she serve 100% of the maximum sentence without the possibility of parole or work release, violates the Equal Protection Clause of the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. Hochmuth also asserts that her trial counsel was ineffective for failing to raise this issue below. We affirm.

## I. Factual Background and Proceedings Below.

On May 16, 1997, sixteen-year-old Hochmuth, Sabra Rogers, Jon August, and James Schultz hitched a ride with Scott York with the intent to steal his car. According to plan, Hochmuth maced York and then the others restrained him. They then took York with them, against his will, as they drove to Council Bluffs, Omaha, Nebraska, and Kansas City, Missouri. The group used York's ATM card to obtain money along their way.

In Cherokee County, Kansas, York was taken to a field, severely beaten by August and Schultz, and left for dead. The group fled to Mexico but eventually returned to the United States and surrendered to the police. Initially Hochmuth and the others told police that they and York had been kidnapped by a Mexican man. However, Hochmuth, August, and Schultz later admitted that they were responsible for abducting York.

The State filed a trial information charging Hochmuth with, among other things, first-degree kidnapping, and two counts of first-degree robbery. Hochmuth entered into a plea agreement with the State whereby she would plead guilty to second-degree kidnapping (as a lesser-included offense of first-degree kidnapping), first-degree robbery, and second-degree robbery (as a lesser-included offense of first-degree robbery). The court accepted Hochmuth's plea after a colloquy with her in open court. The court also informed Hochmuth of the requirements for and the purpose of filing a motion in arrest of judgment. No such motion was filed.

Hochmuth was sentenced to terms of imprisonment not to exceed twenty-five years on the kidnapping charge, not to exceed twenty-five years on the first-degree robbery charge, and not to exceed ten years on the second-degree robbery charge. The second-degree kidnapping and first-degree robbery sentences were ordered to run consecutively; the second-degree robbery sentence was ordered to run concurrently with the other two.

On appeal Hochmuth argues her guilty plea to second-degree kidnapping is invalid because she was never charged with this offense and it is not a lesser-included offense of first-degree kidnapping under the alternative charged. Hochmuth further argues that Iowa Code section 902.12, which in combination with section 903A.2,[1] mandates that she serve eighty-five percent of her sentence, denies her rights of equal protection. Finally, Hochmuth contends her trial counsel was ineffective for failing to raise an equal protection argument below.

---

1. Iowa Code § 903A.2 allows reduction in a § 902.12 sentence for good conduct time, but not in excess of fifteen percent of the sentence. *See* Iowa Code § 903A.2.

## II. Guilty Plea.

■ Hochmuth maintains second-degree kidnapping is not a lesser-included offense of first-degree kidnapping under the alternative charged.[2] Because she was never formally charged with second-degree kidnapping, Hochmuth contends her guilty plea is null and void. The State argues that Hochmuth has waived error on this issue by pleading guilty and failing to file a motion in arrest of judgment. *See* Iowa R.Crim. P. 23(3)(a). Assuming without deciding that Hochmuth has preserved error, we find her challenge to the guilty plea on the basis that she was not formally charged with second-degree kidnapping is without merit.

Hochmuth relies upon *State v. Adcock,* 426 N.W.2d 639, 640 (Iowa App.1988), wherein our court of appeals held:

> if a defendant is not formally charged with an offense, or if the offense of which he is found guilty is neither charged nor an included offense, then he is found guilty of an offense without a formal charge and his conviction is a nullity.

However, in *Adcock* the defendant did not enter a guilty plea but was found guilty by a jury. *Adcock,* 426 N.W.2d at 639. The court of appeals determined the offense for which Adcock was convicted, willful injury, was not a lesser-included offense of the charged offense, attempted murder. *Id.* at 640. We therefore believe *Adcock* is not dispositive of the issue of whether a guilty plea to an uncharged offense is valid.

We did discuss the issue raised by Hochmuth in *State v. Meyers,* 256 Iowa 801, 129 N.W.2d 88 (1964). In *Meyers,* the defendant, like Hochmuth, pleaded guilty to an uncharged offense and argued on appeal that the plea was therefore invalid. We determined that although the uncharged offense to which defendant pleaded guilty, assault with intent to commit rape, was not a lesser-

included offense of the charged offense of incest, the State's failure to file a new trial information was not reversible error. *Meyers,* 256 Iowa at 805, 129 N.W.2d at 91–92. We explained that although the requirement that the accused be furnished with a copy of the indictment or information is mandatory, it can be waived and the defendant had done so. *Id.* at 806, 129 N.W.2d at 91.

We followed the holding of *Meyers* in *Herman v. Brewer,* 193 N.W.2d 540, 545 (Iowa 1972), wherein the defendant pleaded guilty to an offense not technically charged in the information. We determined the defendant waived error as to the lack of a formal information charging him with the offense to which he pleaded guilty where his guilty plea was voluntary, and knowingly and intelligently made with a full appreciation of the consequences. *Herman,* 193 N.W.2d at 545.

■ Thus, based upon our case law a defendant may waive objection to the lack of a formal charge by pleading guilty to the uncharged offense so long as the requirements of Iowa Rule of Criminal Procedure 8(2)(b) are met. *See id.* Upon our review of the guilty plea proceedings, we find the requirements of rule 8(2)(b) were met in this case. By voluntarily, knowingly and intelligently pleading guilty to second-degree kidnapping Hochmuth waived her objection that there was no formal trial information charging her with the offense.[3] *See id.* We therefore conclude Hochmuth's guilty plea is valid.

## III. Equal Protection Issue.

■ Hochmuth next contends that the sentence entered upon her conviction of second-degree kidnapping violates the Equal Protection Clause of the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. She argues that section 902.12's requirement that offenders of

---

2. The trial information alleged that on or about the 15th day of May, Hochmuth did "unlawfully and willfully, with the intent to inflict serious injury, confine or remove Scott York from one place to another, without the authority or consent of Scott York to do so. Scott York did suffer a serious injury or was subjected to torture as a consequence of being kidnapped," in violation of Iowa Code §§ 710.1 and 710.2.

3. We note here, as we did in *Meyers,* that by pleading guilty the defendant sought and obtained "the benefit that might accrue to [her] from a finding of guilt of a crime connected with the same transaction, although not necessarily included in the crime charged in the information." *Meyers,* 256 Iowa at 805, 129 N.W.2d at 91–92.

certain forcible felonies serve 100% of the maximum term of their sentences is without a rational basis. Specifically, Hochmuth notes that section 902.12 does not distinguish between class "B" and class "C" felonies or between crimes causing injury and crimes not causing injury.

Again, the State contends Hochmuth has failed to preserve error because she did not raise the issue below. Hochmuth contends error preservation rules are not applicable where a sentence is illegal or void.

■ In *State v. Ceaser*, 585 N.W.2d 192 (Iowa 1998), we rejected a similar error preservation argument noting that "[t]he exclusion of illegal sentences from the principles of error preservation is limited to those cases in which a trial court has stepped outside the codified boundaries of allowable sentencing." As in *Ceaser*, Hochmuth's challenge is not to the trial court's departure from the sentence authorized by law, but for sentencing her in accordance with the law. *See Ceaser*, 585 N.W.2d at 195. Her claim is therefore governed by normal error preservation rules. *Id.*

The record shows Hochmuth's counsel did not challenge the sentencing statutes in the district court. Therefore, this issue was not preserved for our review. *Ceaser*, 585 N.W.2d at 195. However, because Hochmuth asserts that her counsel provided ineffective assistance by failing to challenge the sentencing statutes below, we now address that issue.

## IV. Ineffective–Assistance–of–Counsel Claim.

■ To prevail on her ineffective-assistance-of-counsel claim, Hochmuth must prove both the following conditions: (1) trial counsel failed in an essential duty; and (2) prejudice resulted from counsel's error. *See State v. Arne*, 579 N.W.2d 326, 328–29 (Iowa 1998). Although claims of ineffective assistance of counsel are normally preserved for postcon-

viction relief proceedings, we will consider them on direct appeal if the record is adequate. *See State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998). We find the record adequate to address Hochmuth's ineffective-assistance-of-counsel claim.

We recently addressed the merits of a similar equal protection argument in *Ceaser*, wherein the defendant argued on appeal that including second-degree robbery within section 902.12, while not including other forcible felonies, violated his equal protection rights. *Ceaser*, 585 N.W.2d at 195–96. Applying the rational basis standard in evaluating section 902.12, we determined that there is a difference between the conduct being punished by the second-degree robbery statute and those forcible felonies not listed in section 902.12. *Id.* We concluded that "once it is established ... that the crimes treated differently address different criminal conduct, it is for the legislature to decide how the differing conduct will be punished." *Id.* at 199.

■ Pursuant to *Ceaser*, in determining whether there is a rational basis for the classification made in section 902.12, we ask whether there is a reasonable distinction between second-degree kidnapping and the forcible felonies falling in the subclass of crimes for which offenders are not required to serve a specific portion of the sentence imposed.[4] *See id.* We conclude each of the offenses not included in section 902.12 has elements different from the elements of second-degree kidnapping. *Compare* Iowa Code § 710.3 (kidnapping in the second degree), *with id.* § 708.3 (assault while participating in a felony); *id.* § 708.4 (willful injury); *id.* § 708.6 (terrorism); *id.* § 709.4 (sexual abuse in the third degree); *id.* § 710.4 (third-degree kidnapping); *id.* § 712.2 (arson in the first degree); *id.* § 713.3 (burglary in the first degree); and *id.* § 726.2(2) (felonious child endangerment).

---

4. In *Ceaser*, we explained the sentencing classification scheme for persons convicted of forcible felonies. We noted persons convicted of forcible felonies fall into three subclasses: (1) those who must serve a life sentence and cannot be released on parole, (2) those who must serve the maximum term of their sentences and cannot be released on parole or work release, and (3) those who are not required to serve a specific portion of the sentence imposed and who are eligible for parole and work release. *See Ceaser*, 585 N.W.2d at 196–97.

We therefore find a rational basis for the legislature's decision to punish second-degree kidnapping differently from forcible felonies not included within section 902.12. Accordingly, Hochmuth's trial counsel was not ineffective for failing to pursue a meritless issue. *See McPhillips,* 580 N.W.2d at 754.

### V. Disposition.

We conclude Hochmuth's guilty plea to an uncharged offense was valid, that section 902.12 does not violate her rights of equal protection, and that trial counsel was not ineffective for failing to raise the equal protection challenge below. We affirm the judgment and sentence entered upon Hochmuth's conviction of second-degree kidnapping.

**AFFIRMED.**