# IN THE COURT OF APPEALS OF IOWA

No. 4-045 / 13-0624
Filed March 12, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ALFRED CROSSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Kirk A. Daily,
District Associate Judge.

Defendant appeals his conviction, based on his guilty plea, to assault
causing bodily injury. **AFFIRMED.**

Monte M. McCoy of McCoy Legal Services, Centerville, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney
General, Richard F. Scott, County Attorney, and Nolan McGowan, Student Legal
Intern, for appellee.

Considered by Vogel, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Pursuant to a plea agreement, defendant pled guilty to assault causing bodily injury. He now appeals, claiming he received ineffective assistance because defense counsel permitted him to plead guilty when there was not a sufficient factual basis for the plea. The problem was not a lack of a factual basis, but the amended trial information mistakenly named the wrong victim of the charge of assault causing bodily injury. By pleading guilty, defendant waived any defects in the trial information. He has not shown he received ineffective assistance of counsel, and we affirm his conviction.

**I. Background Facts & Proceedings**

On June 18, 2012, Alfred Crosson was charged with the following criminal offenses: Count I, burglary in the first degree; Count II, willful injury causing serious injury, naming Ean Popejoy as the victim; Count III, assault while participating in a felony, naming Popejoy as the victim; and Count IV, assault while participating in a felony, naming Jessica O'Hair as the victim.

Crosson entered into a guilty plea in which he agreed to plead guilty to assault causing bodily injury, in violation of Iowa Code section 708.2(2) (2011), a serious misdemeanor. The State amended the trial information to add Count V, assault causing bodily injury, mistakenly naming O'Hair as the victim. Crosson's written guilty plea, however, stated for the factual basis, "I did strike Ean Popejoy and in doing so caused a bodily injury."

Crosson was sentenced to jail for a period of 365 days.[1]  He now appeals, claiming he received ineffective assistance of counsel.

## II.  Standard of Review

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  In order to show prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Madsen*, 813 N.W.2d 714, 727 (Iowa 2012).  A defendant has the burden to show by a preponderance of the evidence that counsel was ineffective.  *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.  Merits

Crosson claims he received ineffective assistance because his defense counsel permitted him to plead guilty to assault causing bodily injury, naming O'Hair as the victim, when there was no factual basis in the record to show O'Hair suffered a bodily injury.  We may examine the entire record, including the minutes of evidence, to determine whether there is a factual basis for a guilty plea.  *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).  The minutes of evidence show Crosson entered O'Hair's apartment without permission and pushed O'Hair out of the way.  Popejoy was sitting on the couch in O'Hair's apartment.  While

---

[1] In January 2013 Crosson had entered guilty pleas to failure to affix a drug tax stamp and forgery.  The district court ordered his sentence for assault causing bodily injury to run concurrently with his sentences in the other cases.

Crosson was wearing brass knuckles he struck Popejoy, causing facial injuries that required medical attention.

The State asserts the problem is not that there is a lack of a factual basis for the offense Crosson pled guilty to, but the trial information contains a scrivener's error by naming O'Hair as the victim when actually Popejoy was the victim of the assault causing bodily injury. At the sentencing hearing the court stated Crosson had pled guilty to one of the lesser-included offenses in the case. We note Crosson was originally charged in Count II with the more serious charge of willful injury causing serious injury, naming Popejoy as the victim, and assault causing bodily injury is a lesser-included offense of that charge. *See State v. Schuler*, 774 N.W.2d 294, 297 (Iowa 2009). Furthermore, Crosson's written guilty plea, which includes the statement, "I did strike Ean Popejoy and in doing so caused a bodily injury," shows he believed he was pleading guilty to an assault causing bodily injury to Popejoy.

We conclude the trial information mistakenly named O'Hair as the victim of Count V, assault causing bodily injury, instead of Popejoy. A defendant, however, may plead guilty to an offense not technically charged in the information, as long as the guilty plea is voluntary, knowing, and intelligent. *State v. Hochmuth*, 585 N.W.2d 234, 236 (Iowa 1998). "[A] defendant may waive objection to the lack of a formal charge by pleading guilty to the uncharged offense as long as the requirements of Iowa Rule of Criminal Procedure [2.8(2)(b)] are met." *Id.* Those requirements were met in this case.

Crosson has not claimed his plea was not voluntary, knowing, and intelligent, or that the requirements of rule 2.8(2)(b) were not met. In addition, he

admitted the elements of the offense in his written guilty plea. We conclude there is an adequate factual basis in the record, based on Crosson's own statement in the written guilty plea and the minutes of evidence, for his guilty plea to assault causing bodily injury, with Popejoy as the victim. Crosson has not shown he received ineffective assistance of counsel. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

We affirm Crosson's conviction for assault causing bodily injury.

**AFFIRMED.**