# IN THE COURT OF APPEALS OF IOWA

No. 14-0962
Filed June 10, 2015

**LELAND BRENT SAUL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

Leland Saul appeals from the district's dismissal of his application for postconviction relief. **REVERSED AND REMANDED WITH DIRECTIONS.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Leland Saul appeals from the dismissal of his application for postconviction relief (PCR).  Saul maintains he received ineffective assistance from trial counsel because counsel allowed him to plead guilty although there was no factual basis for the plea.  Because we conclude the PCR court could not properly review and determine the existence of a factual basis without the benefit of the record of the guilty plea proceedings, we remand to the PCR court for further proceedings consistent with this opinion.

**I. Background Facts and Procedure.**

On November 11, 2011, Saul was convicted of violating Iowa Code sections 692A.104(3) and 692A.111(1) (2011) for failure to register as a sex offender.

On May 25, 2012, Saul was charged by trial information with failure to register as a sexual offender, second offense, in violation of sections 692A.111(1) and 692A.104(3).  On August 7, 2012, the State moved to amend the trial information to charge Saul with violation of sex offender registry (violation of 2000-foot residency restriction), second offense, in violation of sections 692A.111(1) and 692A.114(2).

On August 9, 2012, the district court granted the State's motion to amend the trial information.  The amended trial information read:

> Said Defendant, on or about, the 12th  day of January 2012 through the 9th day of March 2012, in Woodbury County, Iowa, resided within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school, or a child care facility, said Defendant being a person who has been convicted of an aggravated offense against a minor, *said Defendant having*

*previously been convicted of this offense*, all in violation of Iowa Code sections 692A.111(1) and 692A.114(2).

(Emphasis added.)  The same day, the court accepted Saul's guilty plea to the amended charge and imposed a suspended sentence of a term not to exceed five years.

On December 5, 2012, the district court revoked Saul's probation. Pursuant to the sentence already entered, Saul was ordered to a term of incarceration not to exceed five years.

On October 22, 2013, Saul filed a pro se application for PCR.  The State filed a motion for summary judgment on November 1, 2013.  Thereafter, with the assistance of counsel, Saul filed a motion to amend his application for PCR.  The State filed a supplemental motion for summary judgment in response, which Saul resisted.

On May 23, 2014, the district court filed a written ruling, stating, in part:

As requested by the State, this Court has taken judicial notice of the Sentencing Order in Woodbury County criminal case AGCR081033 and the entire court file of Woodbury Country criminal case number FECR082747.  At the conclusion of the hearing, the Court took the matter under submission for later ruling. After reviewing the pleadings contained in the court file, reviewing the Sentencing Order in criminal case AGCR081033 and criminal case file FECR082747, considering the parties' arguments and written summations, and reviewing the applicable law, the Court enters the following ruling.[1]

The court granted the State's motion for summary judgment.  Saul appeals.

**II. Standard of Review.**

We typically review postconviction-relief proceedings on error.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  However, when the applicant

---

[1] The record did not include a transcript of the plea proceedings.

asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, here we review the applicant's claim of ineffective assistance de novo. *Id.* In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed. *Kolarik v. Cory Int'l Corp.,* 721 N.W.2d 159, 162 (Iowa 2006). We examine the facts in the light most favorable to the nonmoving party. *Id.*

## III. Discussion.

Saul maintains he received ineffective assistance from trial counsel because counsel allowed him to plead guilty even though the charge was not supported by a factual basis.

To prevail on a claim of ineffective assistance of counsel, Saul must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington,* 466 U.S. 668, 688 (1984). Saul must overcome a strong presumption of counsel's competence. *Id.* at 689. To establish prejudice, he must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). We "will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State*, 444

N.W.2d 77, 83 (Iowa 1989). The claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010).

Both Saul and the State acknowledged that the trial information was incorrect in its statement that Saul has previously been convicted of section 692A.114(2) because his prior conviction was for section 692A.104(3). Additionally, Saul conceded that a prior conviction under section 692A.104(3) would have led to the same charge under the enhancement contained in section 692A.111(1).[2] The question is whether counsel was ineffective for allowing Saul to plead guilty to the charge when the trial information contained the scrivener's error.

Although the trial information mistakenly stated Saul had been previously convicted of section 692A.114(2) instead of section 692A.104(3), a defendant may plead guilty to an offense not technically charged in the information, as long as the guilty plea in voluntary, knowing, and intelligent. *See State v. Hochmuth*, 585 N.W.2d 234, 236 (Iowa 1998) ("[A] defendant may waive objection to the lack of a formal charge by pleading guilty to the uncharged offense so long as the requirements of Iowa Rule of Criminal Procedure [2.8(2)(b)] are met."). Saul has not claimed his plea was not voluntary, knowing, and intelligent or that the requirements of rule 2.8(2)(b) were not met. In fact, the State maintains Saul's appeal involved a claim regarding the voluntariness of his plea and Saul, in his reply brief, explicitly asserted that he was not raising an issue of voluntariness.

---

[2] Iowa Code section 692A.111(1) provides, in pertinent part, "A sex offender who violates any requirements of section 692A.104, 692A.105, 692A.108, 692A.112, 692A.113, 692A.114, or 692A.115 commits an aggravated misdemeanor for a first offense and a class 'D' felony for a second or subsequent offense."

The difficulty in this case is that neither we nor the PCR court had the benefit of reviewing the transcript of the guilty plea proceedings.[3] In *State v. Schminkey*, 597 N.W.2d 785, 787 (Iowa 1999), our supreme court declared that in factual basis cases, "the ultimate focus . . . is on the record before the district court at the time of the guilty plea proceedings." Subsequently, in *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013), our supreme court held that on a claim that a plea "is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." The court explained that "[r]ecourse to the entire record is appropriate" because the defendant's claim "involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record." *Id.* But neither *Schminkey* nor *Finney* suggest there can be a finding of factual basis without review of the record made during the guilty plea proceedings. We decline to decide the existence of a factual basis for Saul's plea without the benefit of a transcript of the felony guilty plea proceedings.

We also conclude the PCR court could not properly review and determine the existence of a factual basis without the benefit of the record of the guilty plea proceedings. Both parties had a duty to provide the PCR court with the record on which to review the plea proceedings. *See State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987); *see also* Iowa Code § 822.6 ("If the application is not accompanied by the record of the proceedings challenged there, the respondent shall file with its answer the record or portions thereof that are material to the

---

[3] The postconviction court's ruling recites everything reviewed by the court and does not identify transcripts of any proceedings.

questions raised in the application."). We, therefore, reverse and remand the case to the postconviction court to allow the court to review the record previously before it, along with the transcript of the plea proceedings. The court should determine whether a factual basis existed to support Saul's guilty plea.

The State shall make arrangements to have the transcript provided to the PCR court. If the PCR court finds there is no material issue of fact after reviewing the complete record, the PCR court may reaffirm its prior ruling. If there is a material issue of fact then the court shall deny the motion for summary disposition and hold an evidentiary hearing on the application for postconviction relief. *See Allen*, 402 N.W.2d at 443–44. We decline to retain jurisdiction.

**REVERSED AND REMANDED WITH DIRECTIONS.**