**IN THE COURT OF APPEALS OF IOWA**

No. 15-1855
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM LEE HOPPER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder,

Judge.


        Adam Hopper appeals his conviction and sentence for intimidation with a

dangerous weapon following a jury trial.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.



        Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Adam Hopper appeals his conviction and sentence for intimidation with a dangerous weapon following a jury trial. He argues his trial counsel rendered ineffective assistance in failing to properly challenge the sufficiency of the evidence. He also contends the district court imposed an illegal sentence when it established a sequence for payment of restitution contrary to the law. We affirm.

## I.      Background Facts and Proceedings

On March 11, 2015, the State charged Hopper with intimidation with a dangerous weapon with intent, a class "C" felony, in violation of Iowa Code section 708.6 (2015), for events occurring in the home he shared with his fiancée on March 8. In August 2015, a jury convicted Hopper of the lesser-included offense of intimidation with a dangerous weapon, a class "D" felony, in violation of section 708.6. The district court sentenced Hopper to an indeterminate term of incarceration not to exceed five years, imposed victim restitution in the amount of $286, and assessed court costs and jail fees. The court suspended the applicable fine and determined Hopper was not reasonably able to pay attorney fees. Hopper appeals.

## II.      Standard of Review

Claims challenging the sufficiency of the evidence are reviewed for correction of errors at law. *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011). We view all the evidence in the light most favorable to the State to determine whether substantial evidence supports the conviction. *Id.* "We find evidence substantial if it would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.*

We review claims of ineffective assistance of counsel de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), (3). Generally, an ineffective-assistance claim is preserved for possible postconviction-relief proceedings when a more thorough record can be developed and counsel is given an opportunity to explain his or her conduct. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

We review challenges to the illegality of a sentence for correction of errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). "We review restitution orders for correction of errors at law." *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)). "Questions of statutory interpretation also are reviewed for correction of errors at law." *Id.* (quoting *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013)).

### III. Analysis

Hopper claims his trial counsel rendered ineffective assistance in failing to adequately preserve error on his challenge to the sufficiency of the evidence for the offense of intimidation with a dangerous weapon. He also claims the district court imposed an illegal sentence when it established a sequence for payment of restitution contrary to Iowa Code section 910.2(1).

### A. Sufficiency of the Evidence

To preserve a claim of insufficient evidence, the defendant must make a sufficiently specific motion for judgment of acquittal at trial. *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011). In this case, trial counsel moved for judgment of acquittal and directed verdict attacking the sufficiency of the evidence to prove Hopper committed the offense of intimidation with a dangerous weapon *with intent*. *See* Iowa Code § 708.6 ("A person commits a class "C" felony when the person, with the intent to injure or provoke fear or anger in another, shoots . . . or discharges a dangerous weapon at, into, or in a building . . . occupied by another person . . . and thereby places the [person] in reasonable apprehension of serious injury . . . ."). On appeal, Hopper now challenges the sufficiency of the evidence with regard to another element of the offense: Whether Hopper discharged a dangerous weapon *at*, *into*, or *in an occupied building*.[1] Hopper admits error was not preserved on this claim and instead asserts his claim under the rubric of ineffective assistance of counsel.[2] *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

---

[1] Hopper claims "the proof was lacking with regard to two other elements, which counsel neglected to challenge." However, Hopper does not make an argument or cite any authority in support of another element; therefore, this additional claim is waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [the appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").

[2] Trial counsel raised the issue in Hopper's motion for new trial and motion in arrest of judgment. However, the district court did not rule on the issue, and it is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

To succeed on a claim of ineffective assistance of counsel, Hopper must show "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Thorndike*, 860 N.W.2d at 320 (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under the first prong, 'we measure counsel's performance against the standard of a reasonably competent practitioner.'" *Thorndike*, 860 N.W.2d at 320 (quoting *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012)). "Under the second prong, the [defendant] must establish that prejudice resulted from counsel's failure to perform an essential duty." *Id.* Failure to prove either prong is fatal to the claim. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006). In examining Hopper's claims, we presume trial counsel performed their duties competently. *See Thorndike*, 860 N.W.2d at 320. We find the record is adequate to address Hopper's claim on direct appeal. *See* Iowa Code § 814.7(2), (3).

Hopper does not dispute a firearm is a dangerous weapon. *See* Iowa Code § 702.7. Instead, he argues the State did not present sufficient proof that he discharged a firearm *at*, *into*, or *in a house*. *See id.* § 708.6. He asserts there is clear proof he did not fire the weapon *at* or *into* his house. He also argues he did not fire the weapon *in his house* in such a manner as to imperil the occupants. *See State v. Ross*, 845 N.W.2d 692, 699 (Iowa 2014).

Without deciding whether trial counsel failed in an essential duty, we choose to first examine whether Hopper can establish that any alleged failure resulted in prejudice. To prove prejudice, Hopper must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

At trial, Hopper's fiancée testified she lived with Hopper and was at their home on March 8. They got into an argument in their bedroom, and she left the room and went downstairs. She then heard glass shattering. She went outside and came back in to clean up some of the glass before returning outside. When she attempted to go back inside the second time the door to the house was locked. She began knocking on the door, and eventually Hopper answered it and pushed past her out to the front porch with a gun in his hands. She saw him point the gun toward the floor of the porch and heard a gunshot when she got back to the downstairs bedroom. Hopper then went into the bedroom with her engagement ring that he had just shot and threw it at her. She testified she threw the ring back out the bedroom door behind him as he left the room. She then saw Hopper standing in the kitchen and shooting the gun through the door toward the outside several times. While still holding the gun, Hopper returned to the bedroom where she was. His fiancée testified she was afraid for her life because Hopper was angry and had a gun. She asked him not to point the gun at her, and he told her the gun was not loaded. Hopper left the room and went back upstairs. He later came back down and asked if he could stay in the room with her. She testified that, because she was too scared to say anything else, she told him he could stay. The next morning, she went to a friend's house and called the police to report the incident. An investigator testified he found several bullet casings in the kitchen area and "throughout the house."

When considering these facts in the light most favorable to the State, we find there was sufficient evidence Hopper discharged a firearm in his house and placed his fiancée in reasonable apprehension of serious injury. *See* Iowa Code § 708.6. Because he was not prejudiced by any alleged failure of his attorney to challenge the "in his house" element of the offense, his attorney was not ineffective. *See State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998) (finding counsel was not ineffective in "failing to pursue a meritless issue"). We affirm Hopper's conviction of intimidation with a dangerous weapon.

### B. Illegal Sentence

Hopper also claims the district court imposed an illegal sentence when it established a sequence for payment of restitution contrary to Iowa Code section 910.2(1). A defendant may challenge the legality of a sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009); *see also* Iowa R. Crim. P. 2.24(5)(a). A sentence is "illegal" when it is "not authorized by statute." *Tindell*, 629 N.W.2d at 359.

The State argues this issue is moot because Hopper has paid the entire restitution obligations and any order to change the sequence for payment of restitution would have no practical effect. The State's brief calls our attention to Iowa Courts Online to verify the zero balance due on restitution.

> Judicial notice may be taken on appeal. *See* Iowa R. Evid. 5.201(f) ("Judicial notice may be taken at any stage of the proceeding."); *State v. Sorensen*, 436 N.W.2d 358, 363 (Iowa 1989) (taking judicial notice on appeal). The rule permits a court to take judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Iowa R. Evid. 5.201(a)–(b).

*State v. Washington*, 832 N.W.2d 650, 655 (Iowa 2013).  The financial information contained on Iowa Courts Online provides adjudicative facts, the accuracy of which cannot reasonably be questioned.  That source shows a zero balance for Hopper's financial obligations in this case.  We take judicial notice that Hopper has indeed satisfied the requirements of his restitution.  Accordingly, his sentencing claim is moot, and there is no exception to the mootness doctrine that compels us to address the issue further.  *See, e.g.*, *Rhiner v. State*, 703 N.W.2d 174, 176–77 (Iowa 2005).

**AFFIRMED.**