# IN THE COURT OF APPEALS OF IOWA

No. 24-0200
Filed April 23, 2025

**COREY ALLEN TROTT,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Calhoun County, DeDra Schroeder,

Judge.


        Corey Trott appeals the district court's dismissal of his application for

postconviction relief.  **AFFIRMED.**


        Kent A. Simmons, Bettendorf, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., Chicchelly, J., and

Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**BOWER, Senior Judge.**

Corey Trott appeals the district court's dismissal of his second application for postconviction relief (PCR) as untimely. Trott claims his PCR counsel was ineffective by failing to argue the 2019 amendment to Iowa Code section 822.3 (Supp. 2019) is unconstitutional. Trott further claims his PCR counsel was ineffective by failing to argue "previous appellate decisions" have unreasonably interpreted "the use of the word 'promptly'" in *State v. Allison*, 914 N.W.2d 866, 891 (Iowa 2019). Upon our review, we affirm.

## I.     *Background Facts and Proceedings*

In 2014, a Calhoun County jury convicted Trott of first-degree murder after he shot and killed a police officer. The district court entered judgment and sentenced Trott to life in prison without the possibility of parole. Trott's conviction was affirmed on appeal. *State v. Trott*, No. 14-1608, 2015 WL 9450670, at *1 (Iowa Ct. App. Dec. 23, 2015). Procedendo issued in February 2016.

Trott filed a PCR application later that year, raising claims of ineffective assistance of counsel. Following a hearing, the district court denied the application. Trott appealed. A panel of this court affirmed the denial of Trott's application, preserving some of his claims for possible further PCR proceedings. *Trott v. State*, No. 18-0624, 2019 WL 1300418, at *1 (Iowa Ct. App. Mar. 20, 2019). Procedendo issued in April 2019.

In January 2020, Trott filed a second PCR application, raising claims of ineffective assistance of appellate counsel, ineffective assistance of first-PCR counsel, and prosecutorial misconduct in the first PCR proceeding. The State filed a motion for summary disposition, arguing Trott's application was untimely

because it was filed nearly four years after procedendo issued on his direct appeal. *See* Iowa Code § 822.3 (2020). Trott resisted, arguing dismissal would prevent him "from accepting the Court of Appeals' invitation to file another action and more fully develop the record."

The district court granted the State's motion. The court observed at the time of Trott's appellate ruling, which "preserved certain issues for subsequent PCR proceedings," *Allison v. State*, 914 N.W.2d 866 (Iowa 2018), "was still good law"; accordingly, the nine-month delay between procedendo and Trott's second PCR application would not meet *Allison*'s "filed promptly" requirement. The court further noted *Allison* was later abrogated by the legislature's amendment of Iowa Code section 822.3.[1] The court concluded, "So even if the *Allison* case had not been abrogated by the amendment to [section] 822.3, the pending postconviction relief matter was not promptly filed according to case law. Even though issues may have been preserved in the Court of Appeals ruling, this does not overcome timing issues." Trott appeals.

## II. *Standard of Review*

"We typically review postconviction relief proceedings on error." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2021) (citation omitted)). However, when an applicant asserts claims of a constitutional nature, such as ineffective assistance of counsel, our review is de novo. *Id.*

---

[1] *See* 2019 Iowa Acts ch. 140, § 34.

### III.    Analysis

On appeal, Trott claims his PCR counsel was ineffective by failing "to argue that the instant action was timely filed under the state constitutional protections of *Allison*."[2]  Trott claims by "[u]sing *Allison's* formula for calculating the limitations period, the time that elapsed [after procedendo in the first PCR] before the filing of the second PCR was only about one year and seven months."  Trott's claim focuses on the language that was added as part of the 2019 amendment of section 822.3: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."  *See* 2019 Iowa Acts ch. 140, § 34.  According to Trott, the amendment "violates a PCR applicant's state constitutional right to effective assistance of counsel."

This court recently rejected a similar claim.  In *McCoy v. State*, the court addressed the applicant's invitation "to find section 822.3 unconstitutional in light of the discussion in *Allison* over the entitlement to effective assistance of PCR counsel."  No. 23-1286, 2025 WL 400745, at *3 (Iowa Ct. App. Feb. 5, 2025).  The court denied the applicant's request and instead "appl[ied] the language of section 822.3 as we did before *Allison*; noting our binding precedent suggests this application has been consistent with state and federal constitutional law."  *Id.* at *4

---

[2] We find the record is adequate to address this claim.  *But see Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018) (declining to address a claim that PCR counsel provided ineffective assistance raised for the first time on appeal from the PCR action because, without evidence to support the claim, "the record on appeal [was] inadequate to address the new claim of ineffective assistance of [PCR] counsel").

(citing *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011), and *Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988)). Because "our courts have refused to hold section 822.3 unconstitutional" for violating an applicant's right to counsel,[3] *Johnson v. State*, No. 19-1949, 2021 WL 210700, at \*4 (Iowa Ct. App. Jan. 21, 2021), *accord McCoy*, 2025 WL 400745, at \*4, Trott's PCR counsel was not ineffective for failing to raise this claim, *see State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998) (noting "counsel was not ineffective for failing to pursue a meritless issue"). Considering our resolution of this claim, we need to address Trott's additional, sequential issue relating to the application of *Allison*, in the event it was not abrogated.

We affirm the district court's dismissal of Trott's second PCR application as untimely.

**AFFIRMED.**

---

[3] Moreover, as the State notes, Trott only has a statutory right to PCR counsel. *See Lado*, 804 N.W.2d at 250.